UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Royal Manor Management, Inc., *et al.* | ) | Case Nos. 08-50421, 08-50722, |
| | ) | 08-50746, 08-50747, 08-50748 |
| | ) | (Jointly Administered) |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Austinburg Properties, Ltd. | ) | Case No. 08-50651-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Willow Interests, LLC | ) | Case No. 08-50653-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| 138 Mazal Health Care, Ltd. | ) | Case No. 08-50655-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Dani Family, Ltd. | ) | Case No. 08-50657-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Broadway Care Center of | ) | Case No. 08-52349-mss |
| Maple Heights LLC | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Brian Family Ltd. | ) | Case No. 08-52350-mss |
| | ) | Judge Marilyn Shea-Stonum |

**THE LIQUIDATION TRUSTEE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
OF RELIGIOUS LAW EXPERT OF ALISON AND DAVID GORDON**

David Wehrle, the Liquidation Trustee (the "Trustee"), moves this Court to issue an order

barring claimants, Alison and David Gordon (hereinafter collectively the "Gordons") from

offering the testimony of their religious law expert during the June 30, 2009 hearing on their

claim because their identification of the expert is both untimely and not in compliance with Federal Civil Rule 26(a)(2).

In support of this motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B). Venue of this proceeding is proper pursuant to 28 U.S.C. §§1408-1409.

## BACKGROUND

2. On February 12, 2008, Royal Manor Management, Inc. ("Royal Manor") filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned Case Number 08-50421.

3. On March 4, 2008, Debtors Darlington Nursing & Rehabilitation Center, Ltd. ("Darlington"), Willow Park Convalescent Home, Inc., Blossom Nursing & Rehabilitation Center, Inc., and AMDD, Inc. (hereinafter collectively the "Debtor Operating Entities") filed voluntary petitions with this Court for relief under Chapter 11 of the Bankruptcy Code.

4. On April 22, 2008, this Court issued an Order of Joint Administration directing that the Chapter 11 cases of Royal Manor and the Debtor Operating Entities be consolidated for administrative purposes only.

5. Subsequently, the related entities of Austinburg Properties, Ltd., Willow Interests, LLC, 138 Mazal Health Care, Ltd., Dani Family, Ltd. ("Dani"), Broadway Care Center of Maple Heights LLC, and Brian Family Ltd., each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (hereinafter sometimes referred to collectively together with the Debtor Operating Entities as the "Related Entities").

6. On June 26, 2008, Alison and David Gordon filed their proof of claim number 27 ("Proof of Claim") in an estimated amount of $ $2,142,200.00 against "Darlington Nursing & Rehabilitation" for "money loaned" (the "Gordons' Claim").

7. The Committee filed its objection to the allowance of the Gordons' Claim on September 5, 2008 ("Objection").

8. A hearing is scheduled on the merits of the Gordons' Claim on June 30, 2009.

9. On May 18, 2009, this Court issued a Memorandum regarding the May 12, 2009, status conference, which set forth the following schedule with respect to the Gordons' retention of a financial expert: (a) identification of financial expert no later than May 22, 2009; (b) expert report due no later than May 29, 2009; and (c) expert made available for deposition in Akron, Ohio by not later than June 12, 2009.

10. During the May 12, 2009, status conference, counsel for Gordons also raised the possibility of retaining an expert on Jewish religious law. While disputing the relevance of any "expert" on Jewish religious law, counsel for the Trustee agreed to discuss *reasonable* stipulations which would avoid the need for a religious law expert.

11. As a result, counsel for the Trustee offered to enter into the following stipulation on the issue of Jewish religious law:

> "In accordance with religious requirements observed by some Orthodox Jews, Orthodox Jews are not permitted to lend money to other Jews if interest is charged on such loans, and Orthodox Jews are not permitted to borrow money from other Jews if interest is charged on such loans."

12. Gordons' counsel proposed additional stipulations regarding Jewish religious law, which went far beyond the deposition testimony of any witness, and were unfairly skewed in

3

favor of the Gordons. As a result, counsel for the Trustee determined that the Gordons' proposed stipulations were unreasonable, and would not agree to them.

13. Since June 15, 2009, counsel for the parties have had daily communications regarding matters which relate to the hearing on the Gordons' Claim, including the parties' stipulations. These discussions sometimes lasted for hours, and in one instance, lasted until approximately 9:15 p.m. During those numerous discussions, counsel for Gordons never even hinted that the Gordons intended to retain an expert on Jewish religious law.

14. Counsel for Gordons sent an e-mail to Trustee's counsel on June 22, 2009, at 11:48 p.m.[1] which identified the Gordons' hearing witnesses and which, for the first time, identified Rabbi Aryeh Spero as their religious law expert.

15. While identifying Rabbi Spero as an expert, Gordons have *not* provided the following mandatory disclosures as required pursuant to Federal Civil Rule 26(a)(2): (a) a written report containing a complete statement on all opinions and the bases for the opinions; (b) the data and information considered by the witness in forming the opinions; (c) the exhibits that will be used to support or summarize the opinions; (d) the witnesses' qualifications including publications authored in the prior 10 years; (e) a list of all other cases in the previous four years that the witness has testified at trial or deposition; and (f) a statement of the compensation to be paid for the study and testimony of the witness.[2]

16. In addition, the Gordons have not made their religious law expert available for deposition in Akron, Ohio.

---

[1] This email was sent just twelve minutes before midnight on the date established by this Court for identifying hearing witnesses.
[2] The Gordons also failed to make these required disclosures for their financial expert by the Court ordered deadline of May 29, 2009, and made the required disclosures on June 5, 2009 only after demand by the Trustee.

4

## LAW AND ARGUMENT

17.     The expert witness disclosures set forth in Federal Civil Rule 26(a)(2) are "*required disclosures*." Federal Civil Rule 37(c)(1) states the "(i)f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness… at a hearing… unless the failure was substantially justified or is harmless." Thus, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Bowe v. Consolidated Rail Corp.*, 230 F.3d 1357 (6th Cir. 2000).

18.     Throughout these proceedings, the Gordons have exhibited a disregard for the deadlines established by this Court, and an indifference to the fair, proper and orderly administration of justice.

19.     The Gordons' identification of an expert witness at 11:48 p.m. on the date established as the deadline for identifying hearing witnesses was deliberate, calculated, and intended to place the Trustee in a difficult position in terms of hearing preparation.

20.     The Gordons' failure to identify their religious law expert sufficiently in advance of the hearing and, more importantly, their failure to comply with Federal Civil Rule 26(a)(2) is not substantially justified. The Trustee had agreed to a reasonable stipulation concerning the issue of Jewish religious law as it relates to the Gordons' claim, even though the Trustee believes that Jewish religious law is irrelevant and not an appropriate consideration for determining: (a) whether the debtor entities are obligated to the Gordons under the Agreement dated July 27, 2000; and (b) whether the Gordons' $1 million transaction was an equity investment or merely a loan.

5

21. As a direct result of the late and incomplete disclosure of the Gordons' religious law expert, the Trustee has been prejudiced in its hearing preparations on the religious law issue. Because of the timing of the disclosure, the Trustee is not in a position to arrange for the depositions of the Gordons' religious law expert. Moreover, the resulting prejudice is exacerbated by the fact the Gordons have not yet provided the Trustee with an expert report with the expert's opinions or the other information required by Federal Civil Rule 26(a)(2)

22. The harm to the Trustee is clear since the Trustee currently does not know the substance and basis of the expert's opinions.

WHEREFORE, David Wehrle, the Liquidation Trustee, moves this Court to issue an order barring Alison and David Gordon from calling Rabbi Spero as an expert in Jewish religious law during the June 30, 2009 hearing on their Claim.

Respectfully submitted,

/s/ Louise M. Mazur
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Louise M. Mazur (0006608)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

Counsel for the Liquidation Trustee

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion was served by the ECF System or by regular U.S. Mail, postage prepaid, this 25th day of June, 2009, upon the parties listed on the attached Service List.

/s/ Louise M. Mazur
Louise M. Mazur (0006608)

752192

**Served by ECF Notification**:

- Reuel D. Ash    rash@ulmer.com, rash@ulmer.com
- Erika R. Barnes    ebarnes@stites.com, loucourtsum@stites.com
- Richard A Baumgart    rbaumgart@dsb-law.com
- James L. Bickett    james.bickett@usdoj.gov, susan.lowe@usdoj.gov
- Kate M Bradley    kbradley@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- Robert J Burns    bob_j_burns@keybank.com
- Daniel A DeMarco    dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- James W. Ehrman    jwe@kjk.com, rlh@kjk.com;pleadingsjwe@gmail.com
- Richard L Ferrell    ferrell@taftlaw.com
- M. Robert Flanagan    mrflaw84@hotmail.com
- Patricia B Fugee    pfugee@ralaw.com, aherzig@ralaw.com,cbaker@ralaw.com
- Ronald E Gold    rgold@fbtlaw.com, ahammerle@fbtlaw.com
- Robert C Goodrich    robert.goodrich@stites.com
- Robert C Goodrich    nashvillebankruptcyfilings@stites.com
- Richard G Hardy    rhardy@ulmer.com
- Patrick J Keating    pkeating@bdblaw.com
- Edward M. King    tking@fbtlaw.com, cholleran@fbtlaw.com
- David M Leneghan    leneghanlaw@yahoo.com
- Jeffrey M Levinson    jml@ml-legal.com
- Theodore T. Mairanz    tmairanz@ngmpc.com
- Louise M Mazur    lmazur@brouse.com
- Marc Merklin    mmerklin@brouse.com, tpalcic@brouse.com
- Laura L. Mills    lmills@assnet.com, lgeorge@wadsnet.com
- Michael L Molinaro    mmolinaro@loeb.com, chicdkt@loeb.com;sorszula@loeb.com
- David A Mucklow    davidamucklow@yahoo.com
- Marvin Neiman    mneiman@ngmpc.com, mnhn67@aol.com
- Peggy Nichols (ADR Admin)    Peggy_Nichols@ohnd.uscourts.gov, Philip_J_Mayeux@ohnd.uscourts.gov
- Scott N Opincar    sopincar@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
- Renee S Pienta    rpienta@dhplaw.com
- Steven B Potter    spotter@dhplaw.com
- John L Reyes    jreyes@bdblaw.com
- Donn D Rosenblum    donn.rosenblum@ohioattorneygeneral.gov
- John J Rutter    jrutter@ralaw.com
- Scott H Scharf    scharf@scharflegal.com
- Mark Schlachet    mschlachet@clevelandnet.com, mschlachet@clevelandnet.com
- Mark Schlachet    mschlachet@clevelandnet.com, mecool818@aol.com
- Frederic P Schwieg    fschwieg@schwieglaw.com
- Gregory P. Stein    gstein@ulmer.com
- United States Trustee    (Registered address)@usdoj.gov
- Blair R. Zanzig    bzanzig@loeb.com
- Ronna Jackson ust34    Ronna.G.Jackson@usdoj.gov

8

08-50421-kw    Doc 550    FILED 06/25/09    ENTERED 06/25/09 08:23:27    Page 8 of 10

**Served by U.S. Mail**:

Alison Gordon
David Gordon
8109 Nevis Place
Wellington, FL 33414

AMDD, Inc.
2026 State Route 45
Austinburg, OH 44010

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Blossom Nursing &
 Rehabilitation Center, Inc.
109 Blossom Lane
Salem, OH 44460

Christine R. Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Damon Industries, Inc.
c/o Robert Brumbaugh
12435 Rockhill Avenue NE
Alliance, OH 44601

Debt Acquisition Company of America V
1565 Hotel Circle South, Suite 310
San Diego, CA 92108

Dennis Grossman, Esq.
14 Bond Street, #600
Great Neck, NY 11021

Laura L. Mills
Mills Mills Fiely & Lucas
P.O. Box 27
150 Smokerise Dr.
Wadsworth, OH 44281

Lorain County Board of Mental
Retardation and Development Disabilities
c/o M. Robert Flanagan
Lorain County Prosecutor's Office
225 Court Street, 3rd Floor
Elyria, OH 44035

Mark Schlachet
3637 S. Green Road, 2nd Flr
Beachwood, OH 44122

McKesson Medical Minnesota Supply, Inc.
c/o Ilana Figart
8741 Landmark Road
Richmond, VA 23228

Office of the United States Attorney
United States Court House
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113

Sally Schwartz
Abraham Schwartz
2500 Blossom
Beachwood, OH 44122

Stanley F. Orszula
Loeb & Loeb LLP
321 North Clark St., #2300
Chicago, IL 60610

Timothy M. Sullivan, Esq.
25651 Detroit Road, Suite 203
Westlake, OH 44145

U.S. Department of Housing &
 Urban Development
451 7th Street, S.W.
Washington, DC 20410

U.S. Department of Housing &  
   Urban Development  
Metcalfe Federal Building  
77 West Jackson Boulevard  
Chicago, IL  60604  

Willow Park Convalescent Home, Inc.  
18810 Harvard Ave  
Cleveland, OH 44122  

752192