UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Royal Manor Management, Inc., *et al*. | ) | Case Nos. 08-50421, 08-50722, |
| | ) | 08-50746, 08-50747, 08-50748 |
| | ) | (Jointly Administered) |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Austinburg Properties, Ltd. | ) | Case No. 08-50651-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Willow Interests, LLC | ) | Case No. 08-50653-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| 138 Mazal Health Care, Ltd. | ) | Case No. 08-50655-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Dani Family, Ltd. | ) | Case No. 08-50657-mss |
| | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Broadway Care Center of | ) | Case No. 08-52349-mss |
| Maple Heights LLC | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| In re: | ) | Chapter 11 |
| Brian Family Ltd. | ) | Case No. 08-52350-mss |
| | ) | Judge Marilyn Shea-Stonum |

**THE LIQUIDATION TRUSTEE'S LIMITED OBJECTION TO CLAIMANTS
ALISON AND DAVID GORDON'S RENEWED REQUEST TO FILE
<u>POST-TRIAL MEMORANDUM OF LAW</u>**

The Liquidation Trustee, David Wehrle (the "Trustee"), hereby submits this limited objection to Claimants Alison and David Gordon's renewed request to file post-trial memorandum of law ("Briefing Request") for the reasons set forth below.

## PROCEDURAL HISTORY

1. On June 26, 2008, Alison and David Gordon (the "Gordons") filed their proof of claim number 27 ("Proof of Claim") in an estimated amount of $ $2,142,200.00 against "Darlington Nursing & Rehabilitation" for "money loaned" (the "Gordons' Claim").

2. On September 5, 2008, the Committee filed its objection to the allowance of the Gordons' Claim ("Objection"), and also a "Notice of Objection of the Official Committee of Unsecured Creditors to Proof of Claim Number 27 Filed by David and Alison Gordon" ("Notice").

3. Both the Objection and Notice were served upon Alison and David Gordon at their address listed on the Gordons' Claim, 8109 Nevis Place, Wellington, Florida 33414.

4. The Notice incorrectly stated that the Objection was filed on October 7, 2008, but correctly stated that the hearing on the Objection was scheduled for October 7, 2008 at 10:00 a.m. (the "Hearing Date").

5. On September 9, 2008, the Committee filed an "Amended Notice of Objection of the Official Committee of Unsecured Creditors to Proof of Claim Number 27 Filed by David and Allison Gordon" ("Amended Notice"), which stated that the Objection was filed on September 5, 2008, and confirmed that the Hearing Date was October 7, 2008 at 10:00 a.m. The Amended Notice was also served on the Gordons.

6. The Gordons did not respond to the Objection.

7. On October 29, 2008, this Court issued an Order sustaining the Committee's Objection to the Gordons' Claim.

8. On November 10, 2008, the Gordons filed a Motion requesting that this Court vacate its Order disallowing their Claim arguing, among other things, that they had not

received the Objection or Notice, that the Amended Notice was not received until after the Hearing Date, and that the Notice and Amended Notice were procedurally defective ("Motion to Vacate").

9. On November 26, 2008, this Court issued an Order scheduling an evidentiary hearing on the Motion to Vacate (the "Scheduling Order"). In that Scheduling Order, the Court established various dates and deadlines applicable to these proceedings. [Docket Entry #289]

10. Section 6 of the Scheduling Order required counsel for the parties to file proposed findings of fact and conclusions of law, and further provided the following:

> "Such conclusions of law must include, at a minimum, citations to Supreme Court and Sixth Circuit case law, if any, that may be binding upon this Court. Further, as to any non-bankruptcy issues that will be addressed, the conclusions of law must also include citations to law from the applicable jurisdiction. The parties may, but are not required to, file briefs by the same date."

11. The Trustee and the Gordons submitted an Agreed Order which was entered on March 31, 2009, canceling the hearing on the Motion to Vacate. [Docket Entry #487]

12. This Court conducted a status conference with respect to the merits of the Gordons' Claim on May 12, 2009, at which time the Court scheduled an evidentiary hearing for June 30, 2009 (the "Evidentiary Hearing").

13. This Court later issued a scheduling order which required that proposed findings of fact and conclusions of law be submitted by June 29, 2009. [Docket Entry #526]

14. On June 29, 2009, the parties each submitted their proposed findings of fact and conclusions of law. The Trustee's proposed conclusions of law contained citations to legal authorities; the Gordons' conclusions of law did not.

3

15. During the Evidentiary Hearing, the Court permitted counsel for both parties to argue numerous legal issues so that each party's respective positions could be clarified for and advanced to the Court.

16. Counsel for both parties also gave closing statements at the conclusion of the Evidentiary Hearing.

17. Prior to the Evidentiary Hearing being recessed, counsel for the Gordons asked for permissions to submit yet another memorandum of law, even though both parties had already submitted proposed findings of fact and conclusions of law. The Court denied that request.

18. On July 7, 2009, the Gordons filed their Briefing Request in which they claim:

   a) There were no written documents in which the Gordons could have submitted their arguments and legal authorities;

   b) There was insufficient opportunity to present their arguments and legal authorities during closing statements;

   c) The Gordons did not understand that they were to present their arguments and legal authorities in their proposed findings of fact and conclusions of law; and

   d) New developments at Evidentiary Hearing necessitate the filing of a post-hearing memorandum of law.

19. The Trustee has limited objections to the Gordons' Briefing Request. First, the Trustee believes that it would be a waste of estate assts to submit a post-hearing memorandum of law since the parties were given the opportunity to cite this Court to pertinent legal authorities both in their proposed findings of fact and conclusions of law, and during the Evidentiary Hearing. Second, the Trustee disagrees with and contests many of the facts set forth in the Gordons' Briefing Request.

# ARGUMENT

**A. A post-hearing memorandum of law is unnecessary since the parties were given the opportunity to fully brief their respective arguments and legal authorities in their proposed findings of fact and conclusions of law.**

20. In its Scheduling Order, this Court clearly articulated its expectations that the parties' proposed findings of fact and conclusions of law state *"at a minimum"* citations to applicable legal authority.

21. The Scheduling Order left nothing to the imagination as to what this Court expected. Therefore, it is disingenuous for the Gordons to argue that they did not know they were expected to include legal authorities in their proposed findings of fact and conclusions of law.

22. During the December 6, 2008, hearing which was conducted on the Gordons' Claim, this Court discussed in detail its expectations concerning any proposed conclusions of law that the parties would submit:

> "And in the proposed conclusions of law what I'm looking for is any -- if there is any case law or statutory law that you believe bind my decision, so any Supreme Court cases, Sixth Circuit cases, Ohio cases. . . I'm not going to be interested in hearing any arguments, legal arguments, that are not addressed initially in proposed conclusions of law. And I use proposed conclusions of law rather than a hearing brief because I think it's more efficient for everybody. I mean basically you cite the principle for which you think the case stands and you give me the case citation. You can also cite the cases that don't bind my decision but you think may be useful and that you might want to wish me to adopt if it's an area where there is not -- where there's not binding law on the subject matter. *See,* excerpts from December 16, 2008, transcript at pages 15-16 attached hereto as Exhibit A and specifically incorporated by reference herein.

23. Irrespective of the Scheduling Order and this Court's comments during the December 16, 2008 hearing, conclusions of law by their very nature require counsel to set forth the various legal principles that will be advanced on their client's behalf, as well as the legal

5

authorities which support the application of those legal principles to the particular facts of the case. It is difficult to comprehend how the Gordons can suggest otherwise.

24. It is irrelevant that there were issues which arose during the Evidentiary Hearing which the Gordons were not prepared to address. Counsel must devote sufficient time and effort in their preparations to anticipate the legal and evidentiary issues that may arise during a hearing, and be prepared to discuss the same. Further, the parol evidence rule as mentioned in the Briefing Request is a very basic and well known principal of substantive law. Because the Gordons' Claim focused on a single document, the July 27, 2000 agreement between Gordons and Sally and Abraham Schwartz, it should have been no surprise that the parol evidence rule may become an issue. Since the law on the parol evidence rule in the state of Ohio is well settled, further briefings to address this issue would not benefit this Court.

25. This Court permitted the parties a full day to present all evidence and make all legal arguments which related to the Gordons' Claim. Requiring the parties to submit a post-hearing memorandum of law is just another example of the Gordons needlessly creating a situation where additional estate assets will be spent without true benefit to the creditors of the debtor entities.

26. Even though the Trustee opposes the filing of additional briefs, if this Court were to grant the Gordons' request, the Trustee moves this Court to impose a page limit on the post hearing briefs and to further order that the parties only discuss the legal issues and pertinent legal authorities, rather than reciting the facts already in evidence or giving what amounts to closing statements of counsel.

WHEREFORE, the Liquidation Trustee opposes the Gordons' request to file a post-hearing memorandum of law for the reasons set forth above. However, if this Court is inclined

6

to grant the Gordons' request, the Trustee moves this Court to limit the number of pages of the post-hearing memorandum of law, and to further order that the parties discuss only the legal issues and pertinent legal authorities.

Respectfully submitted,

/s/ Louise M. Mazur
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Louise M. Mazur (0006608)
BROUSE MCDOWELL
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
lmazur@brouse.com

*Counsel for the Liquidation Trustee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Liquidation Trustee's Limited Objection to Claimants Alison and David Gordon's Renewed Request to File Post-Trial Memorandum of Law was served by the ECF System or by regular U.S. Mail, postage prepaid, this 13th day of July, 2009, upon the parties listed on the attached Service List.

/s/ Louise M. Mazur
Louise M. Mazur (0006608)

753327

**Served by ECF Notification**:

- Reuel D. Ash     rash@ulmer.com, rash@ulmer.com
- Erika R. Barnes     ebarnes@stites.com, loucourtsum@stites.com
- Richard A Baumgart     rbaumgart@dsb-law.com
- James L. Bickett     james.bickett@usdoj.gov, susan.lowe@usdoj.gov
- Kate M Bradley     kbradley@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- Robert J Burns     bob_j_burns@keybank.com
- Daniel A DeMarco     dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- James W. Ehrman     jwe@kjk.com, rlh@kjk.com;pleadingsjwe@gmail.com
- Richard L Ferrell     ferrell@taftlaw.com
- M. Robert Flanagan     mrflaw84@hotmail.com
- Patricia B Fugee     pfugee@ralaw.com, aherzig@ralaw.com,cbaker@ralaw.com
- Ronald E Gold     rgold@fbtlaw.com, ahammerle@fbtlaw.com
- Robert C Goodrich     robert.goodrich@stites.com
- Robert C Goodrich     nashvillebankruptcyfilings@stites.com
- Richard G Hardy     rhardy@ulmer.com
- Patrick J Keating     pkeating@bdblaw.com
- Edward M. King     tking@fbtlaw.com, cholleran@fbtlaw.com
- David M Leneghan     leneghanlaw@yahoo.com
- Jeffrey M Levinson     jml@ml-legal.com
- Theodore T. Mairanz     tmairanz@ngmpc.com
- Louise M Mazur     lmazur@brouse.com, rwjohnson@brouse.com
- Marc Merklin     mmerklin@brouse.com, tpalcic@brouse.com
- Laura L. Mills     lmills@assnet.com, lgeorge@wadsnet.com
- Michael L Molinaro     mmolinaro@loeb.com, chicdkt@loeb.com;sorszula@loeb.com
- David A Mucklow     davidamucklow@yahoo.com
- Marvin Neiman     mneiman@ngmpc.com, mnhn67@aol.com
- Peggy Nichols (ADR Admin)     Peggy_Nichols@ohnd.uscourts.gov, Philip_J_Mayeux@ohnd.uscourts.gov
- Scott N Opincar     sopincar@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
- Renee S Pienta     rpienta@dhplaw.com
- Steven B Potter     spotter@dhplaw.com
- John L Reyes     jreyes@bdblaw.com
- Donn D Rosenblum     donn.rosenblum@ohioattorneygeneral.gov
- John J Rutter     jrutter@ralaw.com
- Scott H Scharf     scharf@scharflegal.com
- Mark Schlachet     mschlachet@clevelandnet.com, mschlachet@clevelandnet.com
- Mark Schlachet     mschlachet@clevelandnet.com, mecool818@aol.com
- Frederic P Schwieg     fschwieg@schwieglaw.com
- Gregory P. Stein     gstein@ulmer.com
- United States Trustee     (Registered address)@usdoj.gov
- Blair R. Zanzig     bzanzig@loeb.com
- Ronna Jackson ust34     Ronna.G.Jackson@usdoj.gov

**Served by U.S. Mail**:

Alison Gordon
David Gordon
8109 Nevis Place
Wellington, FL 33414

AMDD, Inc.
2026 State Route 45
Austinburg, OH 44010

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Blossom Nursing &
  Rehabilitation Center, Inc.
109 Blossom Lane
Salem, OH 44460

Christine R. Etheridge
Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

Damon Industries, Inc.
c/o Robert Brumbaugh
12435 Rockhill Avenue NE
Alliance, OH 44601

Debt Acquisition Company of America V
1565 Hotel Circle South, Suite 310
San Diego, CA 92108

Dennis Grossman, Esq.
14 Bond Street, #600
Great Neck, NY 11021

Laura L. Mills
Mills Mills Fiely & Lucas
P.O. Box 27
150 Smokerise Dr.
Wadsworth, OH 44281

Lorain County Board of Mental
Retardation and Development Disabilities
c/o M. Robert Flanagan
Lorain County Prosecutor's Office
225 Court Street, 3rd Floor
Elyria, OH 44035

Mark Schlachet
3637 S. Green Road, 2nd Flr
Beachwood, OH 44122

McKesson Medical Minnesota Supply, Inc.
c/o Ilana Figart
8741 Landmark Road
Richmond, VA 23228

Office of the United States Attorney
United States Court House
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113

Sally Schwartz
Abraham Schwartz
2500 Blossom
Beachwood, OH 44122

Stanley F. Orszula
Loeb & Loeb LLP
321 North Clark St., #2300
Chicago, IL 60610

Timothy M. Sullivan, Esq.
25651 Detroit Road, Suite 203
Westlake, OH 44145

U.S. Department of Housing &
  Urban Development
451 7th Street, S.W.
Washington, DC 20410

U.S. Department of Housing &
   Urban Development
Metcalfe Federal Building
77 West Jackson Boulevard
Chicago, IL  60604

Willow Park Convalescent Home, Inc.
18810 Harvard Ave
Cleveland, OH 44122