**IT IS SO ORDERED.**

**Dated:  03:01 PM March 28 2013**

MARILYN SHEA-STONUM
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-50421, 08-50657, |
| | ) | |
| | ) | 08-50722 |
| Royal Manor Management, Inc., | ) | |
| | ) | (jointly administered) |
| Dani Family Ltd., | ) | |
| | ) | |
| Darlington Nursing & Rehabilitation Center, | ) | |
| Ltd., | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE MARILYN SHEA-STONUM |
| DEBTORS. | ) | |
| | ) | |

### OPINION RE: LIQUIDATION TRUSTEE'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. §1927

This matter is before the Court on the renewed motion of the Liquidation Trustee requesting sanctions against Dennis Grossman, Esq. pursuant to this Court's inherent power under 11 U.S.C. § 105(a) and separately under 28 U.S.C. § 1927.[1]

---

[1] The Liquidation Trustee's Motion also requested sanctions against Gertrude Gordon.  A compromise was reached between the Liquidation Trustee and Gertrude Gordon and was approved by the Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

The Court has jurisdiction over the request because it arises in a case referred to this Court by Order No. 2012-7 entered in this District on April 4, 2012 and by the Standing Order of Reference entered in this District on July 16, 1984.   It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) and the Court has the authority to enter final judgment pursuant to 28 U.S.C. § 157.  In addition, Dennis Grossman sought to withdraw the reference in this matter pursuant to 28 U.S.C. § 1334.  The motion to withdraw the reference was assigned to the Hon. Benita Pearson, Case No. 5:13 mc 8.  Judge Pearson denied the motion to withdraw the reference and found this Court has the authority to award sanctions pursuant to 28 U.S.C. § 1927.

Although the issue presently before the Court is whether Mr. Grossman should be sanctioned pursuant to 28 U.S.C. § 1927 and 11 U.S.C. § 105 for his conduct in litigating matters related to the claim filed on behalf of David and Alison Gordon, a summary of the pertinent events of the chapter 11 case in which this matter has arisen is required to put into perspective the effect that Mr. Grossman's actions have had on the holders of allowed claims in this case.

In February and March 2008, several entities, each of which was the owner either of a nursing home or the land on which one of those nursing homes had been built, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Sally Schwartz was a principal of each of those entities.  As is addressed in the Disclosure Statement that accompanied the proposed plans filed in these jointly administered cases, the cases were initiated because Ms. Schwartz sought to thwart existing agreements to sell the nursing home operations to a third party.  The purchaser under the prepetition agreement was providing operating funding to the Debtors that was necessary to the uninterrupted operation of the [four] nursing homes.  That entity allowed the use of cash collateral post-petition, subject to many conditions set forth in the order authorizing the use of cash collateral.  On February 20, 2008, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") which in March 2008 retained Brouse & McDowell as its counsel.

On May 7 2008, the Committee and Debtors in the jointly administered cases moved this Court to set a bar date for the filing of general unsecured claims.  On May 23, 2008, this Court entered an order establishing that bar date as July 1, 2008.  On June 26, 2008, Gertrude Gordon filed a claim in the names of Allison and David Gordon in the amount of $2,142,200 (the

"Gordon Claim").  On September 5, 2008, the Committee objected to that claim.    The claimants were informed that the deadline for responding to the objection was October 6, 2008 by an amended notice of objection to the Gordon Claim which was served upon Gertrude Gordon, the individual who filed the Gordon Claim.  When no response was received, this Court entered an order sustaining the objection on October 29, 2008.  On November 10, 2008, Respondent Dennis Grossman filed a motion to vacate the October 29 order of disallowance.  He also filed a motion to appear *pro hac vice*.  It was not disclosed in his motion to appear *pro hac* that he would have a 40 percent contingency interest in the Gordon Claim.[2]   On March 31, 2009, counsel agreed to have the order of disallowance vacated.  The Court conducted a hearing on the merits of the Objection to the Gordon Claim on June 30, 2009.

Meanwhile on June 27, 2008, a proposed Plan of Liquidation was filed jointly by the Debtors-in-Possession and the Committee.   On July 8, 2008, this Court scheduled the confirmation hearing for September 15, 2008.  The confirmation did not go forward as scheduled after Sally Schwartz caused the Debtors-in-Possession to withdraw their support for the plan filed jointly with the Committee.

On September 1, 2008, the Committee, as the plan proponent, filed an amended proposed Plan of Liquidation after Sally Schwartz caused the Debtors-in-Possession to withdraw their support for the plan filed with the Committee.  The Committee acted as the plan proponent, together with Orion Care Services LLC, which was associated with the purchasing party under the prepetition sale agreement.  On September 19, 2008 Abraham and Sally Schwartz filed a competing plan together with a disclosure statement.  The Court scheduled a confirmation hearing with respect to the Committee/Orion plan for October 23, 2008.  That date was selected in part because of the requirements of the party whose cash collateral was funding the operations of the four nursing homes.  The confirmation hearing was contested by LaSalle Bank because it disagreed with the priority afforded its claim under the plan.  A plan of liquidation (the "Liquidation Plan") was ultimately confirmed by the Court on December 5, 2008.

---

[2] At the January 15, 2013 hearing before this Court, it first came to light that, if the *pro hac* motion was granted, Grossman would have a 40 percent contingency interest in the Gordon Claim; that arrangement was later modified to 30 percent when the District Court withdrew his right to appear *pro hac* as a sanction for his actions in the first of three appeals that he filed with the District Court.

This nutshell history compresses a period of intense legal activity on numerous fronts. The Committee through its counsel pursued confirmation of a liquidation plan that provided for the continued operation of the four nursing homes under new ownership, while producing a significant pot of money for distribution to holders of unsecured claims. The efficiency of Committee counsel was remarkably efficient. Mr. Merklin and Ms. Bradley directed laser attention as the Committee moved into the role of plan proponent in an environment of multi-lateral disputes. The result of this focused lawyering for the estate was the fees sought by Brouse and McDowell for all of its services prior to plan confirmation were only $356,551.50 (Dkt. 502). Some estate administration work remained to be addressed by the Liquidation Trustee.

After the Liquidation Plan was confirmed, the Liquidation Trustee continued the services of Brouse and McDowell to address case administration, including claims review. On March 2, 2010, in accordance with the terms of the confirmed Liquidating Plan, the Liquidating Trustee filed objections to 40 additional claims, as well as the First Omnibus Objection by the Liquidation Trustee to claims alleged to be untimely or duplicative. As reflected on the docket, from April 2010 through August 2010, the majority those objections were resolved either by agreed orders or default orders. Hearings were scheduled for the unresolved objections and responses.

In a June 29, 2010 status conference, the Liquidation Trustee noted his intent, in accordance with the terms of the Confirmation Order, to make partial distribution to holders of allowed claims while maintaining a reserve for unresolved claims, by far the largest of which was the Gordon Claim. From that time until the denial of the Petition for Certiorari filed by the Gordons through Dennis Grossman, the Liquidation Trustee was unable to distribute to holders of allowed claims the amount reserved for the Gordons' purported $2.2 million claim. That distribution occurred in December 2012. The res available for distribution to the holders of allowed claims was diminished by the attorney fees incurred by the Liquidation Trustee in defending the three appeals brought by Grossman in the Gordons' name.

On January 15, 2013, this Court conducted an evidentiary hearing on the Motion of the Liquidating Trustee for appropriate sanctions against Grossman pursuant to 28 U.S.C. § 1927, including a request that Grossman be required to pay into the estate an amount of money equal to

the attorney's fees incurred by the Liquidation Trustee in responding to Grossman's ceaseless and ultimately baseless efforts to have this Court convert an advance of funds by family members to Sally Schwartz into a claim in the chapter 11 case. Originally the Liquidation Trustee sought over $300,000, but prior to the hearing he limited his claim to fees and expenses incurred in responding to pleadings filed only at the Bankruptcy Court level. The following constitute this Court's findings of fact based upon that hearing and the record of this case.

1. The Court hereby incorporates its Findings of Fact in its Memorandum Opinion disallowing the Gordon Claim (Dkt. 587, entered on 9/30/2009). As noted in the conclusion of that Memorandum Opinion:

> The Committee followed by the Liquidating (sic) Trustee were forced to expend a great deal of estate resources in prosecuting the Objection to the Claim of David and Alison Gordon, the nephew and niece of the pre-petition owners of Royal Manor and the Related Entities, perhaps as the result of unjustified, unsupported, or vexatious positions taken by Mr. Grossman in support of the Gordons' Claim. Although no request for sanctions pursuant to Fed. R. Bankr. P. 9011 has been made to date, the Liquidating Trustee shall have twenty days from the entry of this memorandum opinion to file a motion seeking sanctions against Mr. Grossman, and, if appropriate, against Gertrude Gordon and/or the Gordons pursuant to Fed. R. Bankr. P. 9011.

2. As confirmed by the Sixth Circuit, the characterization of the Gordon Claim as not a claim against the bankruptcy estate was a straight forward matter. When Gertrude Gordon advanced $500,000 from each of her two children to her sister and brother in law, the documentation was of advances from one set of family members to another, with no monetary repayment obligation by any of the corporate entities operated by Sally and Abraham Schwartz. Those family arrangements did provide for the Gordons to be granted an equity-like interest in Dani Family, Ltd. ("Dani") and Darlington Nursing & Rehabilitation Center, Ltd. ("Darlington"). The Gordons received tax reporting documents in 2001 and 2002, consistent with their status as holders of equity interests. At best in this case, the Gordons were holders of interests. The Liquidation Plan provided for no distribution to interest holders and, as of the effective date, all notes, stock, instruments, certificates and other documents evidencing obligations of the Debtors other than as allowed under the Liquidation Plan were canceled.

3. As early as December 9, 2008, albeit in a different context (whether the default order disallowing the Gordon Claim should be vacated), Grossman focused on the "issue of alleged prejudice" to holders of allowed claims. [Dkt. 320] Thus, he understood the dynamics of inter-creditor recovery in bankruptcy cases. Further, it is a truism that

bankruptcy cases are, *inter alia,* a collective remedy intended to distribute to holders of allowed claims their aliquot share of assets available to the class in which their claims have been allowed. Grossman evinced knowledge of the Liquidation Plan in this case and thus knew that the class of general unsecured creditors was the residual class. Accordingly the amount available for distribution to that class would be diminished by the ongoing costs of administration.

4. In addition, in January 2009, i.e., very shortly after receiving the unredacted version of the documents which Gertrude Gordon had edited and then attached to the Gordon Claim, counsel for the Liquidation Trustee communicated to Grossman the lack of legal authority for asserting that the documentation created any obligation from any Royal Manor debtor to the Gordons. [1/15/13 Hearing Ex. A]

5. From at least the entry of this Court's September 30, 2009 Memorandum Opinion, Grossman was on notice of this Court's concern that his meritless pleadings were causing a diminution of the funds available for dividends to holders of allowed unsecured claims, as counsel for the Liquidation Trustee necessarily responded.

6. In early 2010, this Court abated consideration of sanctions under 28 U.S.C. § 1927, rather than deal with the Grossman's argument that this Court lacked jurisdiction while related matters were on appeal to sanction him and his clients. At that time, however, the Court noted the perspective from which it would view such requested sanctions, if ultimately sanctions were found appropriate:

> This abeyance will allow the Court, should it ultimately find Mr. Grossman's conduct sanctionable, to consider a more complete picture of the costs, expenses and fees incurred by the estate because of inappropriate conduct, if any, by Mr. Grossman.

Dkt 690, 3/10/2010.

7. For more than four years and continuing to the present Grossman seemed to find any and every occasion to multiply the ongoing proceedings. Attached to this opinion as Appendix A and incorporated herein is a summary of the pleadings that Grossman had filed in this Court and the arguments contained therein between November 2008 and the date of the hearing of this motion; it does not include the pleadings in the three appeals that he has pursued, variously in the District Court, the Court of Appeals and in the Supreme Court, where *certiorari* was denied. The summary shows at a glance not only number of documents filed by Grossman, but also the repetitive and vexatious nature of the filings. Since the January 15, 2013 hearing, he has filed an additional seven pleadings in this Court. (Dkt. 971, 976, 984, 986, 991, 994 and 998).

8. As noted in the introduction of this opinion, the Liquidation Trustee's initial distribution to holders of allowed Class 5 claims was reduced as a result of the reserve he was required to maintain, should the Gordon Claim be found meritorious on appeal. In fact, Grossman argued that no distribution should be made to Class 5 claims holders until the Gordons' appeals had concluded. [Dkt. 820 and 826.] Those holders of allowed claims waited another 29 months for a second distribution that had been eroded by the activity occasioned by Grossman's multitudinous filings. The Liquidation Trustee made an interim distribution on allowed Class 5 claims, reserving for the possibility of reversal on appeal.

9. In short, Grossman well understood that his effort to convert the Gordons' claim against their aunt and uncle into a claim against the bankruptcy estate was delaying the distribution of approximately $750,000 to holders of allowed claims, while also causing the erosion of funds available for distribution due to the fees that the Liquidation Trust was incurring when the his counsel responded to Grossman's ever swelling and often frivolous filings. He compounded his absence of compelling arguments with needless multiplication and repetition of specious arguments. If an opportunity presented itself (or could be fabricated) to file a pleading, Grossman took it whether he had something new to say or not. He also repeatedly sought to depose lawyers from Brouse and McDowell. It appears that he sought to lever the collective desire for efficient administration that bankruptcy seeks to afford claim holders to gain recognition of a claim that had no merit. It appears that he thought his blockades to distribution might substitute for the lack of merit of the claims that he advanced. This Court can think of no other reason that he petitioned for *certiorari* on a settled issue of state law that had been so clearly articulated in Judge Sutton's opinion for the Sixth Circuit panel.

10. Meanwhile the Liquidation Trustee pursued a course that tried to get to final decision as expeditiously as possible. After various initial skirmishes, he agreed not to litigate the issue of Gertrude Gordon's receipt of notices and orders with respect to the Motion to Vacate this Court's October 2008 disallowance of the Gordon Claim. Instead he agreed to address the substance of the claim. This Court's decision disallowing the Gordon Claim on the merits was entered on September 30, 2009. Even now, the Liquidation Trustee elected to trim his request for sanctions against Grossman to fees incurred by his counsel in responding to pleadings filed at the bankruptcy court level, thereby eliminating the issue of whether a bankruptcy court can sanction for activity that occurs in appellate courts.

11. On numerous occasions both the Liquidation Trustee's counsel and this Court reminded Grossman that his actions in delaying the final administration of the funds available to holders of allowed claims exposed him to sanctions. His pattern of filing as many pleadings on each and every topic did not change. One can get a sense of the repetitive nature of the pleadings filed by Grossman in a matrix of issues and pleadings that is attached to this opinion at Appendix B and incorporated herein.

12. Distributions to holders of allowed claims have been materially diminished by Grossman's frivolous and delaying tactics. The Liquidation Trustee asks Grossman to pay to the estate an amount equal to the attorney's fees that the Liquidation Trustee incurred in the bankruptcy court in responding to those tactics. The Liquidation Trustee's counsel provided evidence through the date of the hearing that those fees were in the range of $149,000; given the need for responses to the pleadings identified in Finding 7, final sentence, that number is still growing. The Liquidation Trustee incurred an even greater amount of fees as his counsel responded to three appeals, one of which required filings at three court levels, District, Court of Appeals and U.S. Supreme Court. This Court respects the Liquidation Trustee's exercise of business judgment in not asking this Court to include those fees in the sanctions that will be imposed now. Should there be an appeal of the sanctions imposed by this Court, I simply note that a reviewing court might consider whether it is appropriate to augment the sanction on appeal based upon past and any future activity at that court level.

13. Grossman filed an opposition to the Liquidation Trustee's motion to authorize the settlement with Gertrude Gordon noted in footnote 1. This Court found he lacked standing to object and authorized the Liquidation Trustee to settle with Mrs. Gordon. [Dkt. 988] He then filed additional pleadings in which he argued that any sanction levied against him should be offset by the $50,000 settlement with Mrs. Gordon. [Dkt. 991] In an effort to bring these matters to a conclusion, I will address that argument now.

14. Because Mrs. Gordon was settling a claim filed against her asking that she be held jointly and severally liable for an amount in excess of $300,000, this Court finds that there is no basis for reducing the sanction against Grossman by that settlement amount. The purpose of the sanction against Grossman is at least two-fold: (1) underscoring the need for him to abide the minimum standards required under 28 U.S.C. § 1927 in the future and (2) making up some of the value lost to the holders of legitimate claims in this case.

Following are this Court's conclusions of law:

1. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

2. In response to Grossman's "emergency" motion to withdraw the reference of this motion on the morning of the scheduled hearing, Judge Benita Pearson could not have addressed more clearly the current state of the law with respect to this Court's jurisdiction to hear this motion and award sanctions pursuant to 28 U.S.C. § 1927. Thus the law of this case is:

> Grossman argues the bankruptcy court has no authority to impose sanctions under 28 U.S.C. § 1927, and relies upon *Stern v. Marshall*, 131 S.Ct. 2594 (2011). ECF No. 1 at 10. In *Stern*, the Court stated that, "in one isolated respect," Congress exceeded its Article III limitation in the Bankruptcy Act of 1984 in that bankruptcy courts lack "the constitutional authority to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* at 2620. Post-*Stern*, Courts have held that the bankruptcy court is bound by the law of its jurisdiction with respect to issuing sanctions pursuant to 28 U.S.C. § 1927. *First Weber Group, Inc. v. Horsfall (In re Horsfall)*, 2011 WL 5865454, at *8 (Bkrtcy.W.D.Wis. Nov. 17, 2011)(slip copy) ("This [28 U.S.C. § 1927] issue has not come before the Seventh Circuit Court of Appeals post-*Stern*, and the law in the Seventh Circuit as it currently stands is that bankruptcy courts may impose § 1927 sanctions through its authority under § 105. Therefore, if § 1927 sanctions are warranted, this court may impose them."). Pre-*Stern*, the Sixth Circuit affirmed a bankruptcy court's authority to impose sanctions pursuant to § 1927. *See Maloof v. Level Propane Gasses, Inc*., 316 Fed. Appx. 373, 376 (6th Cir. 2008) (determining that "[f]ederal courts, including bankruptcy courts, have inherent and statutory authority to impose sanctions upon parties for their abuse of the litigation process" including authority under 28 U.S.C. § 1927); *Followell v. Mills*, 317 Fed.Appx. 501, 513-14 (6th Cir. Case: 5:13-mc-00008-BYP Doc #: 5 Filed: 02/08/13 3 of 8. PageID #: 195 (5:13mc8) 4 2009)(vacating bankruptcy court's denial of sanctions brought pursuant to § 1927 and instructing the bankruptcy court to reconsider). *See also In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3rd Cir. 2008); *Adair v. Sherman*, 230 F.3d 890, 895, fn.8 (7th Cir. 2000); *Matter of Cohoes Indus. Terminal, Inc*., 931 F.2d

222, 230 (2d Cir. 1991); *In re Galgano*, 358 B.R. 90, 104 (Bankr. S.D.N.Y. 2007). Grossman has not presented law indicating a change in that posture. Therefore, the Court finds that the Bankruptcy Court has authority to award sanctions pursuant to 28 U.S.C. § 1927.

Grossman v. Royal Manor Management, Inc., Case No. 5:13mc8, ECF 5 at 3-4 (N.D. OH 2/8/2013).

3. In addition, Judge Pearson dealt succinctly with Mr. Grossman's allegations that this Court should not preside over the sanctions hearing. She rejected Mr. Grossman's arguments that this Court has personal involvement and bias on these issues and found that "[b]ased upon the record and the applicable standards, the Court is satisfied that Bankruptcy Judge Shea-Stonum is capable of adjudicating the matter in an unbiased and impartial manner." *Id.* at p.7. Notwithstanding Judge Pearson's findings, Mr. Grossman has again sought my recusal. (Dkt. 994). I find this motion to recuse also to be without merit. To the extent this current motion to recuse raises arguments already addressed previously by this or another court, I will not repeat the findings and conclusions of law. Rather I will simply adopt them herein.

4. To the extent the current motion to recuse, raises matters that occurred after the filing of the last motion to recuse, I find that the current motion is not well taken. I am, as I have always been in this case, capable of adjudicating this sanctions motion based on the record made before me in an unbiased and impartial manner.

5. Litigation tactics that hinder a final resolution of controversies are always unwelcome. In the context of the collective creditor remedy that bankruptcy provides, tactics that delay and reduce the percentage dividend to holders of allowed claims warrant special scrutiny. When repeated reminders to a counsel of his obligations under 28 U.S.C. § 1927 prove unavailing, a trustee's pursuit of sanctions is a most appropriate exercise of his business judgment. *See In re Tenn-Fla Partners, 226 F.3d 746, 748-751 (6th Cir.2000)* (awarding attorney's fees for debtor's fraudulent conduct for providing "misleading and incomplete disclosures," in securing confirmation of its Chapter 11 reorganization plan); *In re Downs, 103 F.3d 472, 478-79 (6th Cir.1996)* (affirming a bankruptcy judge's sanctions and denying all fees to a bankruptcy attorney who failed to disclose his compensation arrangement with the debtor as required by 11 U.S.C. § 329); *Trulis v. Barton*, 107 F.3d (9th Cir. 1995) (continuing to pursue action against chapter 11 debtor's principals after entry of bankruptcy court order confirming plan that explicitly barred such claims found to be unreasonable and vexatious multiplications of proceedings as a matter of law).

Not long after Grossman began his representation, he received the unredacted document on which Gertrude Gordon had "relied," after certain artful copying, in filing the Gordon Claim. What that document memorialized was a loan from one set of family members to another with the possibility of an equity position. In fact, in 2001 and 2002 [confirm] the Gordons were issued tax documents from Dani consistent with an equity position. At no time in this case did Grossman produce a shred of documentation that the

Gordons were creditors of Dani or Darlington or any other debtor in this case. Grossman must to be sanctioned because his conduct,

> from an objective standpoint, [fell] short of the obligations owed by a member of the bar to the court and … cause[d] additional expense to the opposing party. An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits .... Accordingly ... when an attorney knows *or reasonably should know* that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney. Bad faith is not required to support a sanction under § 1927.

*Wilson–Simmons v. Lake County Sheriff's Department,* 207 F.3d 818, 824 (6th Cir.2000).

6. In pleadings filed after the hearing on this Motion, Grossman has argued that any sanctions levied against him should be reduced by $50,000, the amount paid by Gertrude Gordon to the Liquidation Trustee to settle the sanctions motion against her. [Dkt. 991] In an effort to expedite the resolution of the instant motion, I note the separate actions of Mrs. Gordon that supported an independent sanction against her pursuant to § 105, i.e., the filing of the Gordon Claim with an altered document in support thereof. According to Grossman's historical summary of the attorney-client relationship, he did not begin to counsel or represent her until more than three months after that action. Thus, since there was a separate basis for the Liquidation Trustee's ultimately consensual recovery from Mrs. Gordon, Grossman is not entitled to the reduction for which he argues. The request for sanctions against him sounds under § 1927. Sanctions under § 1927 are limited to "attorneys or other persons admitted to conduct cases." 28 U.S.C. § 1927; *In re 680 Fifth Ave. Assoc.*, 218 B.R. 305, 321 (Bankr. S.D. N.Y. 1998). The liquidation estate was harmed in an amount that is greater than just the fees that the Liquidation Trustee incurred at the bankruptcy court level, and so there is no issue of over recovery on this record. It is also notable that, while arriving at a contingency fee arrangement with Mrs. Gordon, Grossman did not discharge his obligation to counsel Mrs. Gordon and her children that the Gordon Claim did not sound against the bankruptcy estate.

7. In awarding sanctions under § 1927, some courts have considered the respondent's ability to pay. *Kapco Mfg.Co., Inc. v. C & O Enterprises*, 886 F.2d 1485 (7th Cir. 1989). Grossman did not raise the issue of ability to pay in his pleadings, and he certainly did

not present any competent evidence of inability to pay despite having been afforded a full day hearing.

8. In discharging his fiduciary duties, the Liquidation Trustee needed to defend against Grossman's pleadings. The fees incurred by the Liquidation Trustee at the bankruptcy court level were proportionate to controversies that Grossman chose to frame. The record reflects that the Liquidation Trustee had incurred approximately $150,000 in fees prior to the hearing of this motion. Rather than reenact Xeno's paradox, this Court will award not less than $150,000 as sanctions against Grossman and will afford the Liquidation Trustee five working days from the entry of this opinion to notify the court whether he will seek an additional hearing to address fees incurred as a result of the hearing on this motion and the additional pleadings that Grossman filed after the hearing. If the Liquidation Trustee notifies the Court that he is not requesting such a hearing, the Court will enter a final judgment for $150,000, subject to any amount which an appellate court might decide to add, in the event of an appeal of that final judgment.

###

# Appendix A - Summay of Documents RE: Gordon's and Attorney Grossman pleadings with arguments

| | | |
|---|---|---|
| 11/10/2008 | 🌐 265 | Motion to Appear pro hac vice *of Dennis Grossman* Filed by Creditor David & Allison Gordan |

| | | |
|---|---|---|
| 11/10/2008 | 🌐 266 | Motion to Vacate *order sustaining claim objection* Filed by Creditor David & Allison Gordon |

- There are three(3) procedural reasons why this court should vacate its 10/29/2008 order disallowing the Gordon's claim
- Allowance of the Gordon's claim will not prejudice judicial administration
- The creditors committee erred substantively in objecting to Gordon's claim

| | | |
|---|---|---|
| 11/24/2008 | 🌐 281 | Reply memorandum of law in support of motion of claimants Alison Gordon and David Gordon to vacate order disallowing their claim Filed by David & Allison Gordon |

- The creditor's committee errs in its assertion that it served a valid notice of hearing 30 days before the hearing date
- The creditor's committee errs in arguing that it complied with Rule 3007(a)
- The creditor's committee errs in asserting a lack of excusable neglect under Bankruptcy Rule 9006(b)(1)
- The creditor's committee does not dispute the lack of disruption of judicial administration
- The creditor's committee errs in disputing the merits of the Gordon claim

| | | |
|---|---|---|
| 12/09/2008 | 🌐 320 | Emergency Motion *to compel creditor committee's counsel to appear at single (1) deposition on limited issue of alleged prejudice to claim negotiations in order to avoid need for 13 separate depositions* Filed by Creditor David & Allison Gordon |

- The committee's violation of Rule 3007(a)'s express requirement of proper notice "at least 30 days prior to the hearing"...
- The committee's violation of Rule 3007(a)'s express requirement that a proper 30-day notice of hearing be served "with" the claim objection...

1

- That is no prejudice because any alleged reliance on disallowance of the Gordon claim would not be justified until after the expiration of the 10-day appeal period which never happened.
- That whatever alleged "prejudice" exists (if any) would be *de minimis* since the Gordon's promptly moved for relief within the 10 days

| | | |
|---|---|---|
| 12/12/2008 | 359 | Response to */Brief in Opposition to the Emergency Motion of David and Alison Gordon to Compel Counsel for the Creditors' Committee to Appear for Deposition* Filed by Official Committee of Unsecured Creditors |

| | | |
|---|---|---|
| 12/15/2008 | 384 | Reply MEMORANDUM OF CLAIMANTS ALISON GORDON AND DAVID GORDON IN SUPPORT OF THEIR EMERGENCY MOTION TO COMPEL A SINGLE DEPOSITION OF COUNSEL FOR THE CREDITORS'S COMMITTEE IN ORDER TO AVOID TAKING 13 DEPOSITIONS ON SAME ISSUE Filed by David & Allison Gordon. |
| 01/13/2009 | 441 | Emergency Motion for leave to file Amended claim arising out of identical contract/transaction as original claim and not exceeding amount of original claim. Filed by Creditor David & Allison Gordon |

- **384**
- The committee's skeletal and meritless response on the purely legal issues (violation of the 30-day notice, etc.) warrants this court's granting the Gordon's underlying vacatur motion.
- This court either should order that the committee's assertion of "prejudice" to claim negotiations is not sustainable (which eliminates the need for the disposition of committee counsel) <u>or</u> should order the single disposition of committee counsel…
  - This court should (a) rule that there is no basis for finding prejudice, or (b) if court allows for the possibility of prejudice to claim negotiations, this court should grant emergency motion because (1) committee errs in asserting a lack of basis for emergency motion and (2) committee misapplies the 6th Circuit decision in Nationwide Mutual Insurance Co. v. Home Ins. Co. , 278 F.3d 621 (2002)

2

- Alternatively, if this court declines to order the disposition of committee counsel, this court should order the production of settlement communications with adverse parties
- Disparaging attacks on counsel and the Gordon's in the committee's opposition are untrue; reflect over-reaction and embarrassment over its violation of the requirement for a 30-day's notice under 3007(a).
- **441**
- 6th Circuit mandates the liberal allowance of claim amendments in Bankruptcy which shall be "freely granted"…
- The liberal allowance of claim amendments in Bankruptcy extends to both parts of the Gordon's amended claim –
    - The first part of the amended claim starts their original claim with greater particularity and comes within the liberal allowance of claim amendments
    - The second part adds the claim for the unpaid dividends arising out of the identical document attached to the original claim
- The Gordon's amended claim will not prejudice any party
- The lack of an amended claim will prejudice the Gordon's
- The Gordon's promptly seek leave to amend their claim
- The Gordon's have not abused the amendment process

| 01/23/2009 | 🌑 446 | Brief *in Opposition to Emergency Motion of David and Alison Gordon For Leave to File Amended Claim* Filed by Creditor Committee Official Committee Of Unsecured Creditors |
|---|---|---|

| 02/09/2009 | 🌑 451 | Motion to Continue Hearing On Emergency Motion for leave to file Amended claim Filed by Creditor David & Allison Gordan |
|---|---|---|

- 15 page pleading for granting a continuance and Motion for Protective Order
- Continuance required due to –
    - Sally Schwartz and debtors failed to produce discovery
    - Documents presented to Gertrude Gordon in prior week re: nursing home operating agreement and $1 million transaction alleged to contain forged signatures of Gordon children
    - Attorney Grossman ordered by Criminal Court of New York to appear for criminal trial on (*8-count felony indictment*)* same date as Bankruptcy hearing. The trial was originally scheduled for an earlier date but *"…because of both prosecutorial illegalities and a scheduling conflict confronting the criminal-defendants expert witness…"* * the Criminal Court moved the date to accommodate the expert witness, even though Attorney Grossman requested the New York not to schedule on that date

3

- Motion for Protective Order against the unreasonably short-notice dispositions of Sally Schwartz
*Emphasis added*

| 02/11/2009 | 🌐 454 | Support Document *to Motion for Continuance* Filed by Creditor David & Allison Gordon |
|---|---|---|

- At the request of the Bankruptcy Court, Attorney Grossman supplies copies of cited pages of Criminal Court transcripts that reference change in criminal trial date –
  - (5) "However, by reason of prosecutorial misconduct which violated the criminal-defendant's rights, and because of a scheduling problem confronting the criminal-defendant's expert witness, counsel was compelled to seek a continuance of the criminal trial."
- Additional reasons for a continuance –
  - Debtor's failure to make discovery,
  - Non-appearance of sally Schwartz and debtors at their original dispositions by reason of Ms. Schwartz's hospitalization, and
  - Recent disclosure that the Gordon's signatures were forged on documents concerning the disputed transaction...
- Documents not only forged, but also concealed *, from the Gordon's since the disputed transaction
- Time needed to investigate these newly discovered, but previously concealed forgeries...
*First reference to accusation that the reportedly forged documents had been concealed*

| 03/17/2009 | 🌐 474 | Motion for leave to file new rescission/unjust enrichment claim based on recently disclosed (and previously concealed) forgeries of their signatures and other material concealed facts Filed by Creditor David & Allison Gordon |
|---|---|---|

- The court should allow the new claim(s) after the bar and confirmation dates because they were concealed from the Gordon's until now
- A claim for rescission and/unjust enrichment lies because debtors gained the Gordon's $1 million by forging their signatures on operating agreements and concealing material facts from them
- The Gordon's new claim is not an amended claim. It involves different facts and the legal theories, depends on different documents and could not have been anticipated from the original claim
- The new claim neither prejudices any party nor disrupts the plan

4

| | | |
|---|---|---|
| 03/17/2009 | 🔵[475](#) | Emergency Motion to Continue 3/31/09 Hearing on Gordon's original claim #27 on grounds that Gordon's separate motion to file new claim based on forgeries and concealment of contract terms will moot all issues on Gordon's original claim #27 - or alternatively - Gordon's renewed Emergency Motion to compel creditor committee's counsel to appear at single (1) deposition on limited issue of alleged prejudice to claim negotiations in order to avoid need for 8 separate depositions Filed by Creditor David & Allison Gordon |

- Emergency Motion to Continue –
  - Gordon's separate motion to file their new claim, based on previously concealed forgeries and concealed terms of the operating agreement, will moot all issues on their original claim #27
    - Gordon's would not have entered into underlying transaction if aware of forgeries
    - Gordon's are moving to withdraw original claim #27 if new claim allowed
    - Waste of time and resources if new claim allowed
  - **or**,
- Renewed Motion to Compel creditor's committee's counsel to appear at a single deposition on alleged issue of "prejudice" or, preclude the committee from offering evidence or arguments of alleged "prejudice" at the evidentiary hearing
  - Gordon's reject relevance and substance of the committee's assertion of alleged "prejudice"
- Alternatively, Court should resolve procedural issues of claim #27 by addressing the purely legal issues –
  - Committee violated BR 3007(a) (at least 30 days' notice)
  - Committee failed to serve its amended notice of hearing (DE 185) "with" its claim objection, violation of BR 3007(a)
  - Lack of prejudice as a matter of law. Gordon's filed their vacatur motion (DE 266) before the 10-day appeal period expired
  - As a matter of law there is no prejudice nor disruption of the plan from inclusion of the Gordon's claim in the plan
  - The confirmed plan is not *res judicata* on Gordon's claim
- This motion spends a considerable amount of time to re-litigated the "facts and arguments" of previous pleadings

| 03/19/2009 | 🌐 477 | Supplemental Affidavit Re: Filed by Creditor David & Allison Gordon |
|---|---|---|

- Due to 8-count felony trial which consumed the month of February and up to March 3, Attorney Grossman could not spend any meaningful time on the Gordon's case.
- Local counsel not retained for substantive work
- Spent the time after March 3rd, reviewing the record, researching case law to file motion to file new claim (DE 474)

| 04/06/2009 | 🌐 491 | Brief *in Opposition to the Motion of Alison and David Gordon for Leave to File New Rescission/Unjust Enrichment Claim* Filed by Other Prof. David Wehrle |
|---|---|---|

| 04/13/2009 | 🌐 497 | Motion to Approve Agreed Order for one additional day to file reply papers on their pending motion for leave to file a proposed new claim Filed by Creditor David & Allison Gordon |
|---|---|---|

- Agreed upon order for 1 additional day to file motion for leave to file new claim due to intervening religious holiday

| 04/15/2009 | 🌐 499 | Reply to *Response* Filed by David & Allison Gordon |
|---|---|---|

- The Gordon's claim arising out of the forgeries of their signatures and the concealment of the terms of the operating agreements is a "new" claim
  - The new claim depends on the evidence, new legal theories, and new facts which could not reasonable be have been anticipated from the original claim
  - The Trustee does not dispute the case law allowing a new claim after the bar fate from previously concealed facts
  - No one could have anticipated the new claim from the documents or facts of the original claim
- The subordination provision of section 510(b) does not apply because the underlying transaction was a loan
  - The underlying transaction provided for the unconditional repayment of the principal sum by a fixed date
  - The description of the transaction as an 'investment' is consistent with a loan since both loans and equity purchases are "investments"

6

- The Gordon's could not reasonably have pursued collection of the loan earlier
- The Gordon's amended claim for unpaid dividends does not contradict their loan claim
  - The Gordon's original claim #27 for "money loaned" now has prima facie validity since this court vacated its prior disallowance order
  - Gordon's mother who prepared and filed claim #27 for "money loaned" did so with sincerity based on her personal knowledge without legal counsel or stratagems
  - All deposition testimony supports the loan status of the transaction
  - The severe equity imbalance in the operating agreement (concealed from the Gordon's until discovery in this case) indicates a loan
  - The income tax benefits to the Gordon's are available regardless of whether the transaction was a loan or equity purchase
  - The K-1 forms used by the Gordon's on their individual income tax returns do not negate the loan status of the underlying transaction
    - The Gordon's, like most individuals, were inexperienced and simply forwarded to their personal accountant the K-1 forms prepared by the company accountant
    - The K-1 forms may be binding for income tax purposes but not for purposes of the underlying transaction in private litigation where the true substance must prevail
    - The Trustee overlooks the not uncommon practice of small companies to mislabel loans from minority owners as equity, to enhance the company balance sheet
- The statute of limitations has not expired on the Gordon's unjust enrichment claim
- The subordination agreement in the email/letter exchange with debtors' counsel is unenforceable for three (3) reasons
  - Rescission of the underlying transaction rescinds the subordination agreement
  - The terms of the operating agreement (and its forgeries) were still concealed from the Gordon's
  - The subordination agreement was a product of attorney conflict-of-interest and breach of fiduciary duty
- The loan was to Darlington/Dani family, not to the Schwartz's personally, for three(3) reasons
  - The substance of the confirming agreement shows a contract with the Darlington Nursing Home on the essential elements of the transaction
  - The Janet Grisanti affidavit shows a contract with Dani family
  - The Trustee admits the nursing home's receipt of the Gordon's $1 million
- Alternatively, the Gordon's are entitled to the payments under the Dani family agreement which converts 10% of the equity to a loan each year

| | | |
|---|---|---|
| 04/16/2009 | 🔵 500 | Amended Reply Memorandum Filed by David & Allison Gordon |

7

- This pleading corrects structural or construct problems identified in the original pleading (DE 499). There are no substantive differences on statements of facts or conclusions of law from the prior pleading (DE 499).

| 04/21/2009 | 🔵 506 | Motion to Strike *Reply Memorandum of Alison and David Gordon in Support of Their Motion to File New Claim* |
|---|---|---|

| 05/01/2009 | 🔵 515 | Response to *Motion to Strike* Filed by David & Allison Gordon |
|---|---|---|

- This was a single isolated glitch, caused by computer problems , resulting in a 2-day delay , which did not prejudice anyone, and counsel for the Gordon's immediately informed Trustee's counsel and otherwise has timely completed with all requirements in this case
- Gordon's counsel consistent compliance with other deadlines and consistent courtesies to Trustee's counsel to achieve timely compliance shows that the 2-day  delay was an isolated occurrence
- The Gordon's have made all motions promptly in each circumstance notwithstanding the expiration of the bar date
  - Motion to vacate
  - Motion to file amended claim
  -  Motion to file new claim
- The true reason for the Trustee's present motion to strike appears to be the strong merit of the Gordon's reply papers and the emerging evidence which strongly supports the Gordon's position
- The Trustee's argument of allegedly excessive pages because of the reply declarations is meritless, alternatively, if there are specific paragraphs in the declarations which are objectionable, only those specific paragraphs should be stricken
  - The reply memorandum of law is within the 20 page limit
  - The Trustee fails to identify a single statement in the reply declarations is objectionable
  - Trustee's counsel failed to seek a non-judicial resolution which may have resolved the problem by an agreed deletion of specific allegedly "argumentative" statements
  - The reply declarations are appropriate and do not contain "legal argument"
  - Alternatively, only pure "legal argument" should be stricken from the reply declarations –even though the trustee has not identified any
- This court should deny the Trustee's extraordinary request to file a sur-reply memorandum since the trustee has failed to identify a single "new" or "surprise" matter beyond the scope of a reply which would justify a sur-reply

| 05/04/2009 | 🔵 516 | Notice *of Filing Joint Stipulation of the Liquidation Trustee and Alison and David Gordon* Filed by Other Prof. David Wehrle |
|---|---|---|

| 05/05/2009 | 🌐 517 | Statement reserving all substantive rights, defenses and objections *(Reservation of Rights)* Filed by Creditor David & Allison Gordon |
|------------|--------|------|

| 05/07/2009 | 🌐 518 | Objection to *motion for fees and motion to appoint accountant* Filed by David & Allison Gordon |
|------------|--------|------|

- Brouse should bifurcate fees to separate out those that are related to Gordon's. Court should authorize other that Gordon related fees and pay those but hold fees related to Gordon's claims until all litigation around this claim is settled.
  - Gordon's claim #27 now has full validity as timely filed and is now the largest single unsecured creditor,
  - Brouse has expended *huge amounts* (ital. added) of time and *substantial* (ital. added) estate assets litigating against Gordon's.
- Court should deny the part of the Trustee's motion which seeks to employ an accounting firm that includes as a principal the brother of Brouse's partner Mr. Merklin

| 05/11/2009 | 🌐 519 | Response to *Objection to Motion to Employ Bober, Markey, Fedorovich & Company* Filed by David Wehrle |
|------------|--------|------|

| 05/11/2009 | 🌐 520 | Notice *of Filing Liquidation Trustee's List of Materially Disputed Facts* |
|------------|--------|------|

| 05/11/2009 | 🌐 521 | Notice *of Gordon's List of Materially Disputed Facts w/out prejudice to Gordon's' contention that facts are established as a matter of law* Filed by Creditor David & Allison Gordon |
|------------|--------|------|

| 5/29/2009 | 🌐 533 | Notice of Appeal *of Claimant's-Appellants Allison Gordon and David Gordon* |
|-----------|--------|------|

9

| 06/08/2009 | 🌐 544 | Statement of Issues on Appeal, Filed by Creditor David & Allison Gordon |
|------------|---------|--------------------------------------------------------|

- Did the Bankruptcy Court err in denying claimants-appellants motion for leave to file a new claim and alternative new claim, based on forged documents which were concealed from the Gordon's and not disclosed until after the bar date?
- Did the Bankruptcy court err in granting trustee-appellee's motion to strike the Gordon's reply papers submitted on their motion for leave to file a new claim and alternative new claim?

| 06/08/2009 | 🌐 545 | Document *(Reply to Deficiency)* Filed by Creditor David & Allison Gordon |
|------------|---------|--------------------------------------------------------|

| 06/25/2009 | 🌐 550 | Motion *in Limine to Exclude Testimony of Religious Law Expert of Alison and David Gordon* |
|------------|---------|--------------------------------------------------------|

| 06/29/2009 | 🌐 552 | Document */ Additional Joint Stipulations of the Liquidation Trustee and Claimants Alison Gordon and David Gordon* |
|------------|---------|--------------------------------------------------------|

| 06/29/2009 | 🌐 553 | Document */ The Liquidation Trustee's Proposed Findings of Fact and Conclusions of Law Concerning Proof of Claim Number 27 of Alison and David Gordon* |
|------------|---------|--------------------------------------------------------|
| 6/29/2009 | 🌐 554 | Document *Objection to Trustee's Use of Depositions at trial* Filed by Creditor David & Allison Gordon |
| 9/2009 | 🌐 555 | Document *Gordon's' Proposed Findings of Fact and Conclusions of Law* Filed by Creditor David & Allison Gordon |

- **554**
  - The Trustee violated Fed. R. Civ. P. 30(e)(1) by not giving the deponents and Gordon's the required 30 day notice to examine deposition transcripts
  - This violation seriously prejudices the Gordon's on the eve of trial
  - The trustee knowingly violated the deadline in Rule 30 (e)(1)
  - The courts had previously admonished that deadlines and time periods are critical
  - Court should preclude use at trial of any of the referenced depositions

- **555**
  - Debtors Darlington and Dani Family have been consolidated so that any differences between them are now irrelevant
  - The Gordon's $1 million was a loan to debtor Darlington/Dani as a matter of law
  - The Gordon claim should not be subordinated -
    - Committee/Trustee never commenced an adversary hearing as required by Rule 3007 as amended in 2007
    - The plan as confirmed provides that it already subordinates all claims as appropriate
    - Any subordination based on communications between Gertrude Gordon and Attorney Harry Brown would fail because of undisclosed conflict of interest
    - Evidence does not support subordination

| | | |
|---|---|---|
| 6/29/2009 | 🌐 556 | Response to *trustee's motion to limit use of religious expert* Filed by David & Allison Gordon |

- The Gordon's retainer of Rabbi Spero as a religious law expert does not violate any rules or orders of the court
- The Gordon's were pressed to retain Rabbi Spero at the last minute because Trustee's counsel reneged on his commitment at the May 12, 2009 hearing to stipulate to broad areas of concern about Jewish Law which are relevant here
- There is no surprise or prejudice to the Trustee. The Trustee has been aware of the Gordon's position on religious law for months
- This court should grant the Gordon's cross-motion to preclude Michael Hydell as an expert witness for the Trustee by reason of his untimely designation by the Trustee and by reason of his lack of independence or impartiality

| | | |
|---|---|---|
| 07/01/2009 | 🌐 557 | Transmittal of Record on Appeal to U.S. District Court Filed by Creditor David & Allison Gordon |

| | | |
|---|---|---|
| 07/07/2009 | 🌐 561 | Document (*Request to file Post-trial Memorandum* Filed by Creditor David & Allison Gordon |

- The Gordon's should have at least one opportunity to set forth in writing their legal theories and arguments in support of their claim #27
- The new developments at trial and on the day prior to trial warrant an opportunity to file memoranda of law

| 07/10/2009 | 🔵 568 | Motion to Reconsider *exclusion of expert witness* Filed by Creditor David & Allison Gordon |
|---|---|---|

- The importance of Rabbi Spero's expert testimony to explain the special meaning of the term investment used by observant Jews
- The Ohio Parol Evidence Rule to which the parties stipulated at trial mandates the receipt into evidence of Rabbi Spero's testimony
- The Trustee's last-minute proffered stipulation at trial was insufficient both in time and in substance
- By reason of this court's strict deadlines the Trustee should not be permitted at this late date to designate new trial objections nor new trial witnesses
- The court should award fees and expenses to the Gordon's in the amount of $8000 for the return of Rabbi Spero and Attorney Grossman to court for Rabbi Spero's expert testimony
- The only other objection which the Trustee preserved to Rabbi Spero's testimony as an expert witness was in written pretrial motion which was frivolous
- The Gordon's were pressed to retain Rabbi Spero at the last moment because Trustee's counsel reneged on his commitment at May 12, 2009 hearing to stipulate broad areas of concern about Jewish religious law
- There is no surprise or prejudice to the Trustee

| 07/13/2009 | 🔵 569 | Document *The Liquidation Trustee's Limited Objection to Claimants Alison and David Gordon's Renewed Request to File Post-Trial Memorandum of Law* |
|---|---|---|

| 07/20/2009 | 🔵 570 | Opposition Response to *Claimants Alison and David Gordon's Motion (1) for Reconsideration of Order Sustaining Objection to Testimony of Religious Law Expert and (2) for an Award of Fees and Expenses to Enable Religious Law Expert and Counsel to Travel again to Court for Testimony* |
|---|---|---|

| 07/20/2009 | 🔵 571 | Reply to *liquidating trustee's response to motion* Filed by David & Allison Gordon |
|---|---|---|

- The Trustee does not dispute any of the facts set forth. The Trustee's single argument that a prior scheduling order of the court(DE 289) cued the parties to the need to include legal argument and citations in proposed findings of fact and conclusions of law.

12

- The Trustee attempts to finesse the distinction between separate trial on procedural and substantive issues
- The Trustee does not dispute any other statements by the Gordon's, that there were no formal pleadings, no pretrial memoranda of law, no pretrial order and no opportunity for the Gordon's to file written statement of their legal theories in support of claim #27. The amount of time allowed for oral arguments was insufficient to comprehensively present their theories
- The Trustee, like the Gordon's, could not find any standing orders , rules to indicate that the Gordon's were on notice to include legal arguments and citations in their proposed findings of fact and conclusions of law
- The Trustee argues that it was "irrelevant" that new issues arose the day before trial and at trial itself (DE 569 par. 24). However, it was not until the trial that the Trustee first stipulated the Ohio Parol evidence Rule. Gordon's should have the opportunity to address in written legal argument
- The Trust6e does not dispute the need for post-trial memoranda as to the numerous other last minute developments which arose the day before or at the trial
- The Gordon's agree that post-trial memoranda should have a page limit and the Gordon's *respectfully suggest a 20-page limit (ital. added).*

| 07/29/2009 | ◐ 572 | Reply to Filed by David & Allison Gordon |
| --- | --- | --- |

- That Trustee's counsel did a commendable job in putting together a confirmed plan does not mean that Trustee's counsel is correct in opposing the Gordon's claim #27. Trustee's counsel has lost his perspective and has asserted rules which do not apply, misrepresented the Ohio Parol Evidence Rule, misrepresented the trial record, and otherwise urged legal errors on the court
- The Trustee's five ( 5) errors in arguing that an alleged lack of evidence of special meaning precludes Rabbi Spero's testimony
  - The Trustee never raised this objection at trial
  - The Trustee overlooks the basis for special meaning in the text of Exh. 5 itself
  - The parties' stipulation and Gertrude Gordon's interrogatory answers show a special meaning
  - Sally Schwartz's own documents show the use of "investment" to mean "loan" for religious reasons
  - There are fiver (5) bases for special meaning to which Rabbi Spero would testify as expert witness
- The Trustee errs and contradicts his own prior argument in asserting now that the Gordon's should have called sally Schwartz as a witness at trial
- The Trustee misrepresents the trial testimony in arguing against Rabbi Spero's prospective testimony
- The Trustee errs (and omits pertinent material from the trial record) in attempting to exclude Rabbi Spero's testimony by reason of the K-1's and the Gordon's tax treatment of their losses

13

- It is ironic that the Trustee invokes the K-1's since they show conclusively (along with other undisputed evidence) that the transaction was with Darlington/ Dani Family and not with the Schwartz's
- The trustee errs (and omits material from the trial record) in trying to exclude Rabbi Spero's testimony by reason of the emails to Attorney Harry Brown
- The Trustee errs in asserting that the Ohio Parol Evidence Rule precludes Rabbi Spero's expert testimony
- The trustee errs in attempting to preclude Rabbi Spero's expert testimony on grounds that it does not relate to a "trade, industry or location"
- The Trustee errs for six(6) reasons in arguing that the identification of Rabbi Spero as an expert was untimely under this court's scheduling order
  - The Trustee never raised this evidentiary objection at trial. The Trustee waived it.
  - The only applicable provision in the scheduling order was to identify trial witnesses by June 22, 2009
  - The Trustee seeks to divine some hidden "policy" in this courts scheduling order to identify a religious expert earlier than the deadline in the order
  - The Trustee waived a special deadline for religious law experts by never requesting one.
  - The Trustee cries "prejudice" but does not specify any beyond a conclusory assertion
  - It was the Trustee's misrepresentations which caused the Gordon's last-minute retainer of Rabbi Spero.

| | | |
|---|---|---|
| 10/14/2009 | ⊜ 593 | Emergency Motion *for Leave to Exceed 20 Page Limit for Filing Motion for Sanctions* Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 10/21/2009 | ⊜ 598 | Motion For Sanctions *Pursuant to Fed. R. Bankr. P. 9011 Against Gertrude Gordon, Alison Gordon, David Gordon, Attorney Grossman, and Attorney Mucklow* |

| | | |
|---|---|---|
| 11/02/2009 | ⊜ 601 | Response to *Motion for Sanctions* Filed by David & Allison Gordon |

- This is a reply motion by, and on the behalf of, Attorney David Mucklow. As Attorney Mucklow is not a party to the current motion for sanctions we step-over this pleading

| | | |
|---|---|---|
| 11/02/2009 | ⊜ 602 | Motion to Withdraw as Attorney Filed by Creditor David & Allison Gordon (Mucklow, David aty) |

08-50421-kw    Doc 999    FILED 03/28/13    ENTERED 03/28/13 15:42:38    Page 26 of 50

| 11/02/2009 | ⬤ 604 | Response to *trustee's motion for sanctions* Filed by David & Allison Gordon |
|---|---|---|

- **This is response filed on behalf of the Gordon children (Allison and David) to the motion for sanctions.**
- The Trustee's motion for sanctions should be denied because the Trustee never serve d the required pre-motion notice, and this court never issued an order to show cause
- The Trustee's motions for sanctions should be denied because the Trustee made his motion for the first time after judgment disallowing the Gordon claim
- The Trustee and/or his counsel have unclean hands –
    - o The Trustee's baseless opposition to the Gordon's vacatur motion – wasting 5 months and tens-of-thousands of estate dollars—followed by the Trustee's consent in the end
    - o The trustee's own frivolous motion practice
    - o Trustee's counsel appears to be using this sanctions motion to exonerate himself from his knowing misrepresentation in his disclosure statement where he knowingly concealed from creditors the Gordon's $2,142,200 claim
- Additional special defenses peculiar to claimants Alison Gordon and David Gordon –
    - o Disputed legal theories may not result in sanctions against the Gordon's while they were represented
    - o The pro se filing of the claim may not result in sanctions against the Gordon's it was handled totally by their mother pursuant to powers of attorney
    - o The trustee impermissibly uses the deposition transcripts of Alison and David Gordon on which the Trustee denied the deponents the right to examine and correct the transcripts which therefore are inadmissible
- The motion for sanctions is frivolous substantively – there is overwhelming record support and legal support for the Gordon's positions –
    - o The record and the court's memorandum opinion show substantial record support and legal support for the Gordon's positions
    - o Beyond the Trustee's meritless attacks on the Gordon's claim (above), the Trustee proffers a scatter-gun attack on virtually every filing by the Gordon's which lacks the required specificity
    - o Discovery disputes may not be the basis for sanctions under Rule 9011
    - o Appeals may not be the basis of sanctions
    - o The Trustee's allusions to various Gordon filings may not be the basis for sanctions
        - ▪ Motion to vacate (DE 266, Nov. 10, 2008)
        - ▪ Motion to file amended claim (DE 441, Jan. 13, 2009)
        - ▪ Motion to file new claim (DE 474 & 477, Mar. 17, 2009)

| 11/03/2009 | ⬤ 606 | Response to *trustee's motion for sanctions, filed by Dennis Grossman pro se and by Gertrude Gordon pro se with* |
|---|---|---|

15

| | | |
|---|---|---|
| | | *emergency motion for one-day extension of time to respond to sanctions motion by reason of medical emergency* Filed by David & Allison Gordon |

- **Emergency motion for 1-day extension not responded to by Trustee's counsel. Attorney Grossman & Gertrude Gordon, both pro se, set forth oppositions.**
- Incorporate arguments set forth in DE 604, except parts :D1", "D2" and "D3" which are specific to Alison and David Gordon
- Gertrude Gordon would show the $1 million was a loan to debtor Darlington/Dani, personally negotiated with her sister, Sally Schwartz. Ms. Gordon would further show that she prepared and filed the claim for "money loaned 7/27/2000" because she knew it to be a loan to Darlington/ Dani
- Attorney Grossman would show that in addition to the motions filed in DE 604, the remaining motions or objections he filed on behalf of the Gordon's were not sanctionable or frivolous
  - First motion for continuance (8-count felony indictment)
  - Second motion for continuance (mooted when vacatur motion accepted)
  - Gordon motion for reconsideration of court's exclusion of Rabbi Spero's expert report and testimony
  - Gordon's request for leave to file a post-trial memorandum of law (DE 561 & 571)
  - Gordon's filing of their proposed findings/ conclusions the day before trial without case citations because Attorney Grossman reasonably believed it was not necessary
  - The Gordon's reasonable objection to the Trustee's fee request
  - The Gordon's reasonable objection to the Trustee's request to retain an accounting firm whose principal is the brother of trustee's counsel
  - Attorney Grossman would show that Trustee's attorney Mazur in her affidavit is misrepresenting the telephone call placed to Attorney Grossman in Jan. 2009

| 11/04/2009 | 🌐 607 | Response/Opposition to *trustee's motion for sanctions filed by Dennis Grossman pro se* Filed by David & Allison Gordon |
|---|---|---|

- This is the formal pleading of the points raised in DE 606 with specificity

| 11/04/2009 | 🌐 608 | Response to *trustee's motion for sanctions filed by Alison Gordon, David Gordon, and Dennis Grossman pro se, errata sheet with attachments* Filed by David & Allison Gordon |
|---|---|---|

- Corrections (Errata) filed in Gordon's opposition (DE 604) and Grossman opposition (DE 606)

16

| | | |
|---|---|---|
| 11/09/2009 | 🔵 609 | Reply to *Briefs of Gertrude, Alison and David Gordon, David Mucklow, Esq. and Dennis Grossman, Esq. Opposing Motion for Sanctions AND Supplemental Motion for Sanctions Pursuant to Inherent Powers of Court under 11 USC Sec. 105(a)* Filed by David Wehrle |

| | | |
|---|---|---|
| 11/11/2009 | 🔵 610 | Declaration of Claimants *Waiving conflicts of interest by Alison Gordon and David Gordon* Filed by David & Allison Gordon |

| | | |
|---|---|---|
| 11/11/2009 | 🔵 611 | Motion to Recuse Judge Shea-Stonum in sanctions proceeding Filed by Creditor David & Allison Gordon |

- Under 28 USC 455(a) which applies in Bankruptcy Court, the test for disqualification is objective and does not depend on Judge Shea-Stonum's subjective view of her own impartiality – rather it is whether to a reasonable observer, the judge's impartiality might reasonably be questioned
- Overview of four (4) grounds for disqualification of Judge Shea-Stonum in sanctions proceeding
  - To a reasonable observer, Judge Shea-Stonum's impartiality might reasonably be questioned in the sanctions proceeding because she has a vested interest in ruling against the Gordon's and their counsel in order to validate her hasty and improper approval of a deceptive disclosure statement filed by her appointee attorney Marc Merklin.
  - Judge Shea-Stonum on-the-record wrongfully prejudiced the credibility and character of the Gordon's and their counsel  who are parties in this sanctions proceeding and, worse, used a legally improper criterion in doing so ..
  - Judge Shea-Stonum on the –record wrongfully prejudiced the alleged character and professionalism of trustee's attorney Marc Merklin (whom her Honor appointed) where attorney Marklin's unclean hands is a material issue in this sanctions proceeding (his knowingly false disclosure statement concealing the Gordon's $2,142,200 claim)
    *\*Footnote: Grossman accuses Merklin of publishing a defamatory article in the media publically criticizing Gordon's counsel in this case*
  - Judge Shea-Stonum's impartiality might reasonably be questioned because of her improper local bias. JSS exempted from sanctions the Gordon's local counsel, David Mucklow, but subjected everyone else on the Gordon team who is from New York or Florida
- The Gordon's and counsel's recognition of the seriousness of this motion for judicial disqualification which the Gordon's and their counsel do not take lightly
- The Gordon's and counsel are moving on a prompt and timely basis

17

| | | |
|---|---|---|
| To a reasonable observer, Judge Shea-Stonum's impartiality 1/17/2009 | 🌑 625 | Opposition Objection to *Motion to Disqualify Judge Shea-Stonum in Sanctions Proceeding and Motion to Strike* Filed by David Wehrle |

| | | |
|---|---|---|
| 11/18/2009 | 🌑 628 | Motion to Strike Claimants-Appellants' Designation of Document for Inclusion in the Record on Appeal Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 11/19/2009 | 🌑 629 | Objection to liquidation trustee's combined reply *(Supplemental Motion for Sanctions Pursuant to Inherent powers of court under 11 U.S.C. Section 105)(a)* Filed by David & Allison Gordon |

- Response by Attorney Mucklow on his own behalf. Will step-over at this time.

| | | |
|---|---|---|
| 11/23/2009 | 🌑 632 | Opposition Response to *trustee's supplemental motion for sanctions* Filed by David & Allison Gordon |

- The situation is out of control in the Trustee's abuse of the sanctions process – with five (5) sanctions motions so far and counting…
- The Gordon's and Attorney Grossman incorporate all prior arguments in their papers opposing the Trustee's rule 9011 motion – showing not only the strong support for all Gordon filings but also their good faith as well
- The Gordon's cannot reasonably be accused of excessive or vexations filings nor excessive delay
- The Trustee has failed to make the additional showing of bad faith which is required under this court's inherent power
- The Trustee has failed to give the Gordon's and counsel reasonable notice of allegedly improper conduct which deprives the Gordon's and counsel of due process of law
- The Gordon's incorporate in their opposition to the present "inherent power" motion all prior arguments specific to themselves in opposing the trustee's prior Rule 9011 motion
- It should not be necessary to reach the above deficiencies in the Trustee's new " inherent power" motion – the use of this court's inherent power is not permissible where the conduct of which the Trustee seems to complain is covered completely by Rule 9011

18

- o The present case does not warrant the use of inherent power – all conduct of which the Trustee and the Bankruptcy Court complain (albeit without basis) are filings in Bankruptcy Court which are controlled by Rule 9011
- o Here Rule 11 is "up to the task"; it is the Trustee who is not – the Trustee's late filing of his Rule 9011 motion (meritless anyway) does not mean the rule 9011 is not "up to the task"
- o This court has authorized (albeit improperly) a Rule 9011 motion, not a motion for inherent power sanctions
- o The Sixth Circuit's decision in Ridder* does not avail the Trustee (pp. 17-18)
- The Trustee's unclean hands and bad faith of his own counsel precludes an award of sanctions
  - o The lion's share of wasted time and money in this case is attributable to the Trustee himself (including his creditors committee)
  - o The Trustee is the only litigant who has filed truly frivolous motions in this case
  - o Trustee's counsel is seeking to invalidate the Gordon's claim, and to disparage it in every way possible, in order to vindicate his own improper conduct in submitting a knowingly false disclosure statement to creditors
- * Ridder v. City of Springfield, 109 F.3d 288 (6th Cir. 1997)

| 11/25/2009 | 🌐 633 | Support/Response Filed by Gertrude Gordon to (related documents 611 Motion to Recuse Judge, 614 Reply) |
|---|---|---|

| 11/30/2009 | 🌐 634 | Reply to *Reply by Alison Gordon, David Gordon and by Dennis Grossman in support of motion to disqualify Judge Shea-Stonum in sanctions proceeding AND Opposition to trustee's motion to strike* Filed by David & Allison Gordon |
|---|---|---|

- The trustee erroneously asserts that the disqualification motion constitutes an attack on this court's integrity or character – it does not; it invokes the objective standard articulated by the Sixth Circuit in which this court's actual bias or substantive state of mind is irrelevant
- The Trustee mischaracterizes the disqualification motion as accusing this court of a cover up – the disqualification motion contains no such accusation but states that the court hastily and improperly rushed into hearings on the disclosure statement without checking the figures and without giving parties adequate time to do so – an accurate statement confirmed by the record
- The Trustee absurdly blames Gertrude Gordon and Attorney Grossman rather than accepting responsibility for his counsel's obviously deceptive disclosure statements, which are shown by the record
- The Trustee errs in asserting that the Supreme Court's decision in Liteky* has an "extrajudicial-source" requirement which allegedly precludes disqualification here
  - o The Trustee errs in asserting a blanket requirement of extrajudicial source under Liteky

19

- o The "extrajudicial source" factor in <u>Liteky</u> and its progeny applies only to the source of judicial opinions, not to built-in incentives for a judge to rule against a party which exist apart from any judicial opinions – the first ground for disqualification involves such a built-in incentive for an anti-Gordon ruling by Judge Shea-Stonum which should require disqualification
  - o Under the second and third basis for disqualification, there are firm and clear extrajudicial bases in the expressed opinions of Judge Shea-Stonum to warrant disqualification under Section 455(a)
  - o Even without an extrajudicial source for Judge Shea-Stonum's expressed favoritism to Trustee's counsel and against Gordon's counsel, the bias or apparent bias is so strong and so obvious to require disqualification
  - o The apparent local bias of Judge Shea-Stonum's sanctions authorization warrants disqualification
- This court should deny the Trustee's motion to strike portions of the disqualification motion
- * <u>Liteky v. U.S.</u>, 510 U.S. 540, 114 S.Ct. 1147 (1994)

| 12/01/2009 | 🌐 635 | Opposition Response to *628 trustee's motion to strike record documents on appeal* Filed by David & Allison Gordon |
|---|---|---|

- The Trustee's trial-exhibit lists were filed with this court. The Trustee presented 2 trial-exhibit binders at trial on June 30, 2009, handed up to Judge Shea-Stonum. The judge retained the trial-exhibit binders which constitutes filing with the court under B.R. 5005(a)(1)
- No dispute concerning authenticity of these documents or delivery to judge
- The Trustee's trial exhibit lists are directly relevant to the issues now on appeal
- Not in evidence, but still part of record of appeal.

| 12/07/2009 | 🌐 636 | Reply to *Gordon's' Opposition to Motion to Strike Designation of Document for Inclusion in the Record on Appeal* Filed by David Wehrle |
|---|---|---|

| 02/12/2010 | 🌐 641 | Emergency Motion to Extend Time *to respond to Court's Order to Show Cause (DE 637)* Filed by Creditor David & Allison Gordon |
|---|---|---|

| 02/12/2010 | 🔵 [642](#) | Response to *Order to Show Cause Showing Why Sanctions Should Not be Imposed* Filed by David & Allison Gordon |
|---|---|---|

- Because the third sanctions motion, like the two before it, is inextricably bound up with the merits of the Gordon's claims which are now on appeal, this court lacks jurisdiction to proceed with any of the 3 pending sanctions motions until the appeals are resolved
- This third sanctions motion should be denied because this bankruptcy court does not come within a "Court of the United States" within the meaning of 28 U.S.C. 1927
  - o The clear text of the relevant statutes shows that this bankruptcy court does not come within a "Court of the United States" authorized to impose sanctions under 28 U.S.C. 1927
  - o The legislative history of the definitional section (28 U.S.C. 451) clearly shows Congressional intent to exclude Bankruptcy Courts from the power to impose sanctions under 28 U.S.C. 1927
  - o The overwhelming evidence of the case law shows that this bankruptcy court does not come within a "Court of the United States" authorized to impose sanctions under 28 U.S.C. 1927
    - ▪ Parallel case authority under the recusal-for-bias statute (28 U.S.C. 144) confirms this bankruptcy court's lack of authority to impose sanctions under 28 U.S.C. 1927
    - ▪ The Third Circuit's decision in <u>Schaefer Salt Recovery</u> * not only is in the minority and in conflict with prior decision of the same circuit, but also fails to recognize the relevant legislative history and the statutory problems and inconsistencies it created
  - o An extension of Section 1927 authority to bankruptcy courts would have inverse impact on other statutory sections which use the same language
  - o The bankruptcy rules support the conclusion that the bankruptcy courts do not have authority to employ 28 U.S.C. 1927
  - o A comparison of the Trustee's motions for sanctions both in this court and District Courts supports the conclusion that section 1927 does not apply in this Bankruptcy Court
- This third sanctions motion (arising out of the same conduct as the first 2 sanctions motions) should be denied because it improperly "multiplies" the proceedings in violation of the same statute which this court proposes to invoke
- This third motion for sanctions should be denied because this court's order to show cause does not give reasonable notice of the specific filings which the court alleges to be "multiple" or "unreasonable" or "vexatious"
- This third sanctions motion should be denied because it was filed more than 3 months after this court's own filing deadline for sanctions motions
- The motion should be denied because of local bias in this court's order to show cause

21

- Those parts of the 3 sanctions motions which address the Gordon's new claim should be denied because the District Court of Appeal held that the new-claim appeal was not frivolous and denied sanctions concerning it
- This court does not have jurisdiction to impose sanctions concerning appeals
- The request for sanctions relating to discovery is untimely
- Substantively there was no multiple or vexatious or frivolous conduct or filing by respondent
- * In re Schaefer Salt Recovery, Inc., 542 F.3d 90 (3d Cir. 2008)

| 02/19/2010 | 🌐 644 | Response to *Opposition of Dennis Grossman to Sanctions Proposed by this Court's Order to Show Cause* Filed by David Wehrle |
|---|---|---|

| 03/12/2010 | 🌐 691 | Opposition Response to *trustee's and trustee's counsel's motions for payment of fees and expenses from estate because only the Hochman Trust, not the estate, now appears to benefit from the trustee's litigation against the Gordon's* Filed by David & Allison Gordon |
|---|---|---|

- Only the Hochman Trust (not the estate) should pay the fees and expenses of the Trustee and the Trustee's counsel concerning the Gordon litigation because only the Hochman Trust (not the estate) appears to be the beneficiary of the Gordon-related litigation by the Trustee and the Trustee's counsel

| 03/18/2010 | 🌐 693 | Reply to *Partial Opposition of David Gordon and Alison Gordon to Motions for Fees and Expenses by Trustee and Trustee's Counsel* Filed by David B Hochman |
|---|---|---|

| 03/19/2010 | 🌐 694 | Reply to *Partial Opposition of David Gordon and Alison Gordon to Motion for Fees and Expenses by Trustee and Counsel for Trustee* Filed by David Wehrle |
|---|---|---|

| 03/22/2010 | 🌐 695 | Motion to Continue Hearing On *Fee Requests by Trustee and Trustee's Counsel by Reason of Religious Holiday* Filed by Creditor David & Allison Gordon |
|---|---|---|

| | | |
|---|---|---|
| 03/29/2010 | 🔵 701 | Opposition Response to *Motion for Amendment and/or Reconsideration of Order Denying Motion to Disqualify Judge Shea-Stonum in Sanctions Proceedings* Filed by David Wehrle |

| | | |
|---|---|---|
| 04/08/2010 | 🔵 720 | Reply to *in Support of Motion to Reconsider and/or Amend this Court's Order Denying Motion for Disqualification of Judge Shea-Stonum in Sanctions proceedings* Filed by David & Allison Gordon |

- First, the Trustee does not dispute the Gordon's showing the Gordon's never accused Judge Shea-Stonum of knowingly approving the fraudulent disclosure statement
- Second, the Trustee does not dispute the Gordon's showing that the Gordon's never asserted as a basis for recusal any statements by this court concerning the merits of the Gordon's claims
- Third, the trustee does not dispute the disclosure statement by Trustee's counsel was fraudulent
- Fourth, the Trustee errs in faulting the Gordon's for not challenging the fraudulent disclosure statement earlier
- Fifth, the Trustee errs in asserting adequate notice of the disclosure statements in court filings (DE 701 p. 3)
- Sixth, the Trustee asserts adequate notice because there were 21 days between the first fraudulent disclosure statement (DE 168, Sept. 1, 2008) and the courts erroneous approval of the later fraudulent disclosure statement (DE 197, Sept. 22, 2008)
- Seventh, the trustee errs is asserting that the Gordon's allegedly had sufficient opportunity and notice to challenge the fraudulent disclosure statement because the Gordon's could have filed a post-approval motion to vacate this court's order approving it (DE 701 p.4)
- Eighth, the Trustee also overlooks the fact that, once counsel for the Gordon's appeared (Nov. 10, 2008 – DE 266), there was no reason to check the disclosure statement
- Finally, contrary to the Trustee's argument, the Gordon's are not seeking to "collectively attack" the disclosure statement (DE 701 p. 4)

| | | |
|---|---|---|
| 04/26/2010 | 🔵 770 | Reply to *as follows: Gordon's' Corrected Reply to Trustee's Response to Gordon's' Citations to the Record Where Brouse McDowell Law Firm Estimated Full (100%) Dividends to Unsecured Creditors* Filed by David & Allison Gordon |

- The Trustee misdescribes the record at the April 9, 2010 hearing by asserting that Gordon's counsel used the word "unequivocal" when in fact Gordon's counsel never used it nor any equivalent but instead used qualified language such as "would', "likelihood", "likely" and "appears"
- The Gordon's legitimately relied on the disclosure statements which contained express estimates of a 100% recovery for unsecured creditors

23

- Trustee's counsel himself recognized that the Gordon's had relied on the disclosure statements
- Trustee counsel improperly disparages the Gordon's reliance on the disclosure statements by misrepresenting what the disclosure statements said
- The limitations in the disclosure statements do not defeat reasonable reliance on the estimates of a 100% recovery for unsecured creditors
  - The bar date had already passed, so the likelihood of additional claims was virtually non-existent
  - The Trustee made no showing of an increase of allowed claims or a reduction in assets after the bar date
  - Contrary to the Trustee's argument, post-bar-date proceedings have significantly reduced the creditor pool, thereby increasing the prospect of a 100% recovery for remaining creditors
  - The Gordon's were entitled to rely on the filed estimates of a 100% recovery for unsecured creditors because Trustee's counsel never amended nor altered these estimates in the 1-1/2 years after the disclosure statements (Sept. 2008) until the hearing of April 9, 2010
- The Gordon request is consistent with the plan and with the Hochman Trust's position in it
- The Gordon's 2 citations to the express estimates of a 100% recovery in the disclosure statements are sufficient to show a reasonable basis for the Gordon's request for payment of the Trustee's attorney fees by the Hochman Trust

| 05/26/2010 | 787 | Motion to Reconsider , *Amend and Correct this Court's Order Concerning Gordon's' Application to Have Hochman trust Pay Trustee's Attorney's Fees Concerning Gordon Litigation* Filed by Creditor David & Allison Gordon |
| --- | --- | --- |

- First, this court in its order gave the erroneous impression that Gordon's counsel Dennis Grossman allegedly had attributed to Trustee's counsel "unequivocal representations" that there would be a 100% distribution to unsecured creditors (DE 776 p.3 – "unequivocal representations")
- Second, not only does this court fail to cite such alleged statements by Attorney Grossman, but this court fails to mention the numerous times that Attorney Grossman had used <u>equivocal</u> language like "likelihood" or "appears"
- Third, instead of citing these numerous record statements by Attorney Grossman which are far from "unequivocal" , this court instead attributes to Attorney Grossman an alleged statement of an "unequivocal" representation by Trustee's counsel (DE 776 p.3), when in fact no such later statement exists anywhere in the record
- Fourth, this court overlooks the fact that Trustee's counsel Merklin had attributed to Attorney Grossman the assertion that Trustee's counsel had made such "unequivocal" representations (DE 745 p.2 - attributing to Attorney Grossman the assertion of "unequivocal" representations of a 100% recovery for unsecured creditors)

- Fifth, this court makes the conclusory (and unsupported) assertion that Attorney Grossman allegedly has a "historical practice in this case of distorting the record" (DE 776 p.3)
- Sixth, this court refers to the liquidation trust for the alleged proposition that only the trustee can pay the requested attorney fees (DE 776 p.3)



| | | |
|---|---|---|
| 05/27/2010 | 🌐 789 | Election to Appeal to District Court *from this Court's Order Granting Trustee's Motion to Strike Trustee's Own Exhibit List from Record on Appeal*. Filed by Creditor David & Allison Gordon |

| | | |
|---|---|---|
| 06/01/2010 | 🌐 792 | Response to *Gordon's' Motion for Correction, Reconsideration and/or Amendment of Order Concerning Gordon's' Application to have Hochman Trust pay Trustee's Attorneys Fee concerning Gordon Litigation* Filed by David B Hochman |

| | | |
|---|---|---|
| 06/10/2010 | 🌐 801 | Appellant Designation of Contents For Inclusion in Record On Appeal *Appellants' Designation of Issues and Documents on May 27, 2010 Appeal from Order Granting Trustee's Motion to Strike Trustee's Own Trial-Exhibit List from Record on Appeal* Filed by Creditor David & Allison Gordon |

- Did the bankruptcy Court err in granting the Trustee-Appellee's motion to strike from the record on the pending Oct. 6, 2009 appeal the Trustee's own trial-exhibit list?
- Did the bankruptcy Court err in granting the Trustee-Appellee's motion to strike from the record on the pending Oct. 6, 2009 appeal the Trustee's own trial-exhibit list?

| | | |
|---|---|---|
| 06/15/2010 | 🌐 802 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 06/16/2010 | 🌐 803 | Emergency Motion to Compel *Motion by Claimants Alison & David Gordon and by Their Attorney Dennis Grossman to Clarify Nature and Purpose of June 29, 2010 Hearing and, Depending upon its Nature and Purpose, to Compel Deposition of Attorney Marc Merklin* Filed by Creditor David & Allison |

| | | Gordon |
|---|---|---|

- The court has scheduled a hearing for June 29, 2010, which according to notice the hearing concerns the "motion to recuse Judge Shea-Stonum in sanctions proceeding filed by creditor David & Alison Gordon" (DE 784). As this issue, and the motion for its reconsideration, has already been decided by the judge, the court should clarify whether it intends to continue to hold a hearing on the motion to recuse or was notice of hearing intended for something else?
- If sanctions are to be considered in connection with the motion for recusal or its reconsideration, the Gordon's and Attorney Grossman need to take the deposition of Trustee's counsel Marc Merklin as Attorney Merklin's disclosure statement (DE 195) and this courts hasty and improper approval of it (DE 197) are central to the recusal motion (DE 611 pp. 6-14)
- This court's statement about timeliness is not pertinent. This court ruled that any challenge to the disclosure statement would be "untimely" at this time (DE 783 p.3)
  - o First, at the time of this court's approval (Sept. 22, 2008, DE 197) the Gordon's Attorney Grossman had not yet appeared for the Gordon's.
  - o Second, nor may the Gordon's be faulted in this circumstance as they were appearing *pro se* through their mother and attorney-in—fact (power of attorney) Gertrude Gordon
  - o Third, precisely for this reason, it was incumbent upon Attorney Merklin to be honest and accurate in the disclosure statement ( he was not) and for this court at least to check its claims figures (which this court failed to do), which Attorney Merklin knowingly represented and which this court hastily and improperly approved – with the clear omission of the Gordon's $2,142,200 claim
  - o Fourth, as mentioned above, the alleged "untimeliness" in any event is not pertinent to the present issues of recusal and sanctions, if any.
- All of the above is not to say that this court knew of Attorney Merklin's knowing deception when this court approved the deceptive disclosure statement, but underscores the need for a deposition of Attorney Merklin on these issues
- The Sixth Circuit's decision in Nationwide* does not avail  the Trustee or Attorney Merklin. This case is "on point" as the ruling in Nationwide stands for the proposition that opposing counsel may only be deposed when there is no other means available to obtain the information. That is the exact situation here. The disclosure statement is clearly relevant because it's obvious deceptive nature is a central feature of the recusal motion. There are no other means to obtain the information as Attorney Merklin is who prepared and signed it.
- * Nationwide Mutual Ins. Co. v. Home Ins. Co., 278 F.3d 621, 628 (6th Cir. 2002)

| 06/18/2010 | 🌐 804 | Opposition Reply to *Emergency Motion of Alison and David Gordon for Clarification of Purpose and Nature of Hearing and Depending on its Purpose, For Deposition of Marc Merklin and Liquidation Trustee's Motion for Protective Order* Filed by |
|---|---|---|

| | | |
|---|---|---|
| | | David Wehrle |

| | | |
|---|---|---|
| 07/07/2010 | 🌐 820 | Document *Report to Court on Gordon's' Partial Consent and Partial Objection to Distribution of Claims Moneys Pending the Gordon Appeals* Filed by Creditor David & Allison Gordon. |

- Distributions to unsecured creditors (class 5) prior to final resolution of the Gordon appeals would violate the Gordon's rights under the plan and potentially impose a huge burden and expense on the Trustee and Trustee's counsel
- The Trustee and his counsel have agreed that the plan prohibits distribution to class 5 (unsecured) creditors prior to final resolution of the Gordon appeals
- The short extension of the briefing deadline is irrelevant, was approved by the District Court without Trustee objection, and caused far less delay than other adjudicatory processes for which the Gordon's are not responsible

| | | |
|---|---|---|
| 07/09/2010 | 🌐 823 | Opposition Reply to *Gordon's Partial Consent to and Partial Objection to the Distribution of Claims Moneys Pending Appeals, Based Upon Plan Provisions and Upon Prior Agreement of the Parties* Filed by David Wehrle |

| | | |
|---|---|---|
| 07/15/2010 | 🌐 826 | Supporting Status Report *Gordon's' Reply Statement Concerning Distribution of Claims Moneys Pending Appeals* Filed by Creditor David & Allison Gordon |
| | | • |

| | | |
|---|---|---|
| 08/25/2010 | 🌐 838 | Motion *Gordon's' and attorney Grossman's motion for adjournment of status hearing concerning sanctions by reason of previously scheduled appellate oral argument* Filed by Creditor David & Allison Gordon |

| | | |
|---|---|---|
| 10/15/2010 | 🌐 849 | Motion *by Claimants Alison Gordon and David Gordon and by* |

|  |  | *Their Counsel Dennis Grossman to Adjourn the Oct. 19, 2010 Status Hearing on Sanctions by Reason of Lack of Jurisdiction Pending Appeals* Filed by Creditor David & Allison Gordon |
|---|---|---|

- The pending appeals. The sanctions motions concern the merits of the Gordon's original and new claims. The merits of the claims are now before the U.S. Court of appeals for the Sixth Circuit which now has exclusive jurisdiction over all merits of all Gordon claims
- The jurisdictional bar is broad and applies here in 2 ways -
  - o First, it not only applies to the judgment/order being appealed, but all matters involved in the pending appeals
  - o Second, it applies also to any further findings and/or conclusions by the trial court which relate to matters on appeal
- Therefore, the jurisdictional bar applies to the 3 sanctions motions because the bar applies to all matters involved in the appeal(s)
- The policy concerns underlying the jurisdictional bar apply here
  - o It spares the trial court form passing on questions that may well be rendered moot by the decision of the appellate court
  - o The parties might be forced to fight a 'two front war' for no good reason
- Cases allowing poet-appeal proceedings while an appeal is pending involve post-appeal issues which are unrelated to the issues on appeal – unlike the present case where the post-appeal proceedings in this court directly involve and address matters on appeal
- The attorney's fees cases cited by the Trustee are inapposite – they involve post-appeal attorney's fees proceedings which did not involve the issues on appeal, in contrast to the present sanctions motions which examine the merits now on appeal and propose additional findings concerning them

| 0/18/2010 | 🌐 850 | Response to *Gordon's' Motion for Adjournment of 10/19/10 Status Conference on Sanctions by Reason of Lack of Jurisdiction Pending Appeal* Filed by David Wehrle |
|---|---|---|

| 10/20/2010 | 🌐 851 | Document *Responses by Gordon's and by Their Counsel Dennis Grossman to Criticisms at Oct. 19, 2010 Status Hearing on Sanctions* Filed by Creditor David & Allison Gordon. |
|---|---|---|

- The Gordon's and their counsel were criticized for not being prepared to discuss the prospective distributions to unsecured creditors. Not a fair criticism as hearing was noticed as "status hearing on sanctions" and nothing else

- The Gordon's were criticized for delaying the distributions to unsecured creditors. Not true. For almost 2 years until July 2010 the Trustee took the position that under the plan he (Trustee) was prohibited from making any distributions until all Gordon appeals were finally resolved
- The Gordon's and their counsel were criticized because the Gordon's first requested yesterday then Trustee's figures concerning a proposed distribution. Not a fair criticism as at the hearing was the first time that the Trustee announced that he had made the requisite calculations and was ready to begin distributions
- The Gordon's and their counsel were criticized because the Gordon's counsel requested a reasonable opportunity to consult with his clients about the figures and about whether the Gordon's would consent to the distribution. Not a fair criticism as this is a matter of substance that directly concerns the Gordon's ability to recover on their claims
- The Gordon's and their counsel were criticized for allegedly filing a "motion" to stop or delay distributions to unsecured creditors. Not a fair criticism as the Gordon's never filed any such "motion". The Gordon's merely filed a response to this court's own inquiry in compliance with this court's directive (DE 804) pointing to the Trustee's own position which acknowledged the prohibitions to unsecured creditors on matters under appeal
- The Gordon's and their counsel were criticized for allegedly having sought to deny the fee request of Trustee's counsel. This is not true. On one occasion over a year ago the Gordon's merely proposed that the court hold in abeyance the Trustee's fees relating to the Gordon litigation until it was completed. The court acknowledged that the Gordon's had raised a good point (DE 567 pp.81-82) even though court later overruled
- The Gordon's and their counsel were criticized for opposing the appointment of the Bober firm as accountants to the Trustee. The Gordon's position was reasonable given that a principal of the firm is a brother of Trustee's counsel. This was a reasonable, non-frivolous objection.
- The Gordon's and their counsel were criticized for previously requesting that the Trustee's fees relating to the Gordon litigation be paid by the Hochman Trust rather than the estate. The Gordon's position was reasonable.
- The Gordon's were criticized for filing an allegedly untimely claim. This is not accurate. The Gordon's filed their original claim timely on June 26, 2008 (Gordon claim #27) prior to the bar date of July 1, 2008. Also, not fair to criticize Gordon's for delay due to their lack of response to claim objection. They were appearing *pro se* and the amended notice of hearing was facially deficient anyway

| | | |
|---|---|---|
| 0/22/2010 | 🔵 852 | Reply to *Responses by Gordon's and their Counsel to (Alleged) Criticisms at 10/19/10 Status Hearing on Sanctions* Filed by David Wehrle |

| | | |
|---|---|---|
| 10/26/2010 | 🔵 853 | Document *Reply in Support of Responses by Gordon's and by Their Counsel Dennis Grossman to Criticisms at the Oct. 19,* |

| | | *2010 Status Hearing on Sanctions* Filed by Creditor David & Allison Gordon. |
|---|---|---|

- Contrary to the Trustee's statement (DE 852), the Gordon's and their counsel <u>never</u> stated that all the inaccurate criticisms to which the Gordon's and their counsel responded were made by this court. It is true that many of the inaccurate criticisms against the Gordon's/counsel at the Cot. 19, 2010 status hearing were made by this court, but some were made by Trustee counsel.
- The Trustee in his statement (DE852 p.2) conspicuously avoids addressing the specific responses to the Gordon's/counsel. The trustee cannot refute them, therefore, he fails to respond to them
- The Gordon's respectively disagree with the Trustee's interpretation of the plan concerning notice and disclosure by the Trustee (DE 852 pp. 2-3). The Trustee is a fiduciary, and unless the plan clearly eliminates that obligation, the Trustee clearly incurs the obligation

| | | |
|---|---|---|
| 06/27/2012 | 🌐 922 | Motion for Leave to File/*Motion for Leave to Exceed 20 Page Limit for Filing Renewed Motion for Sanctions* Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 06/27/2012 | 🌐 923 | Motion to Shorten Time *to Respond To, Expedite the Ruling On, and Limit the Notice for the Approval of the Trustee's Motion for Leave to Exceed Twenty Page Limit for Filing Renewed Motion for Sanctions* Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 07/03/2012 | 🌐 926 | Motion to Extend Time *to File Renewed Motion for Sanctions* Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 07/17/2012 | 🌐 928 | Gordon's' and Attorney Grossman's Reservation of Right to Respond to Trustee's Motion to "extend the deadline" to file "renewed" motion for sanctions, with deadline of July 20, 2012 for Response Filed by David & Allison Gordon |

- Attorney Grossman and the Gordon's reserve the right to respond to the Trustee's motion to "extend the deadline" for the Trustee to file a "renewed" motion for sanctions. The deadline for response by Gordon's and Attorney Grossman is Friday July 20,2012

| | | |
|---|---|---|
| /20/2012 | 🌐 929 | Opposition Response to *the following: Gordon's' and Attorney* |

| | | *Grossman's Opposition to Trustee's Motion to "Extend the Deadline" for Trustee's Sanctions Motion* Filed by David & Allison Gordon |
|---|---|---|

- The vagueness and lack of clarity of the Trustee's motion warrant its denial
- Full reservation of rights and defenses by Gordon's and by Attorney Grossman
- It would not be proper to "extend the deadline" for a "renewed" sanctions motion in numerous respects where the deadline has already expired
    - It would not be proper to "extend the deadline" to seek the sanctions under any legal theory concerning Gordon's original claim for money loaned – the time to do so expired prior to trial more than 3 years ago
    - It would not be proper to "extend the deadline" for sanctions under any legal theory concerning Gordon's new claim or new-claim motion – the time for doing so expired years ago when the Trustee failed to appeal from Judge Gaughan's denial of sanctions concerning the new claim and new-claim motion and appeal
    - It would not be proper to "extend the deadline" for Rule 9011 sanctions as to any matters – Rule 9011 contains 2 deadlines, both of which expired long before any relevant sanctions motion(s)
        - It would not be proper to extend Rule 9011's deadline of formal notice 21 days prior to a decision
        - It would not be proper to extend Rule 9011's deadline of a formal sanctions motion prior to the judgment/order as to which sanctions are sought
    - It would not be proper to "extend the deadline" for a sanctions motion beyond the Oct. 21, 2009 deadline which the court previously set
    - It would not be proper to "extend the deadline" for sanctions as to numerous matters not involved in the appeals
    - It would not be proper to "extend the deadline" for sanctions concerning any discovery matters
- The Trustee's gratuitous suggestion that he is "analyzing" the possibility of "further distributions" … to the general unsecured creditors" pending Gordon's petition to the Supreme Court does not permit the Trustee's violation of Gordon's rights under the Sixth Circuits stay or under the confirmed plan

| 08/07/2012 | 🔵 933 | Motion to Reconsider *and Vacate (1) this Court's June 12, 2012 Oral Order Setting Deadline for Sanctions Motion, and (2) this Court's July 24, 2012 Written Order Setting Further Deadline for Sanctions Motion* Filed by Creditor David & Allison Gordon |
|---|---|---|

- Reconsideration/vacatur of the June 12, 2012 oral order which set a July 5, 2012 deadline for the trustee's sanctions motions.
    - Gordon's and Attorney Grossman were not given notice of the Trustee's oral application of June 12, 2012

31

- o The Gordon's and Attorney Grossman were not given notice of this court's oral order at the June 12, 2012 hearing which set the July 5, 2012 deadline
- It was a legal error for this court to set the July 5, 2012 deadline for the Trustee's sanctions motion at the June 12, 2002 hearing/conference.
  - o First, the June 12, 2012 hearing/conference was noticed <u>only</u> for the fee applications of the Trustee and his counsel and accountants, <u>not</u> for sanctions nor for a further sanctions motion
  - o Second, this court's June 12, 2012 oral order, which set the July 5, 2012 "deadline" for the Trustee's sanctions motion, may not "extend the deadline" where deadlines have already expired, for the reason set forth in Gordon's later opposition dated July 20, 2012 (DE 929)
- Reconsideration/vacatur of the July 24, 2012 written order which " extended the deadline" for further sanctions motions for it would be a legal error to permit such extensions
  - o Gordon's and Attorney Grossman's outline of prohibitions set forth in their opposition motion (DE 929)
  - o Retroactive extensions of deadlines for the Trustee would contradict this court's prior order and admonition concerning adherence to deadlines

| | | |
|---|---|---|
| 08/07/2012 | 934 | Motion to Reconsider *and Vacate as Corrected – GORDONS' and attorney GROSSMAN'S Corrected Motion to Reconsider and Vacate: (1) this Court's June 12, 2012 Oral Order Setting Deadline for Sanctions Motions, and (2) this Court's July 24, 2012 Written Order Setting Further Deadline for Sanctions Motions* Filed by Creditor David & Allison Gordon |

- Corrected as to reference citations omitted in DE 933

| | | |
|---|---|---|
| 08/09/2012 | 936 | Opposition Response to *Claimants, Gertrude Gordon and Dennis Grossman's Motion to Reconsider, Amend and/or Vacate Order Granting Trustee's Motion to Extend Deadline to File Renewed Motion for Sanctions* Filed by David Wehrle |

| | | |
|---|---|---|
| 08/10/2012 | 937 | Reply to *Trustee's Opposition -- GORDONS' and attorney GROSSMAN'S Reply in Support of Corrected Motion to Reconsider and Vacate: (1) this Court's June 12, 2012 Oral Order Setting Deadline for Sanctions Motions, and (2) this Court's July 24, 2012 Written Order Setting Further Deadline for Sanctions Motions* Filed by David & Allison Gordon |

- First, no extension is appropriate where the sanctions deadlines already expired.

- Second, nor is an extension appropriate for a "renewed" sanctions motion where the movant did not proceed timely at the outset
- Third, nor does it matter that the Sixth Circuit stayed its mandate
- Fourth, nor does the Trustee gain mileage form the jurisdictional bar triggered by the appeals
- Fifth, the Trustee also ignores his other untimeliness in connection with the appeals
- Sixth, the Trustee proposes to include in his allegedly "renewed" sanctions motion items which he <u>admits</u> he is not "renewing"
- The Trustee also ignores the untimeliness of sanctions concerning these later-occurring matters
- Eighth, the Trustee erroneously asserts that this court somehow has the "power and authority" to overrule a decision of the Sixth Circuit
- Ninth, the Trustee ignores this court's order and admonition about the importance of deadlines (DE 934 pp.4-5)

| | | |
|---|---|---|
| 12/11/2012 | 🔵 953 | Motion For Sanctions Under USC 28 Section 1927 Attorney Liability for Excessive Costs / *The Liquidation Trustee's Renewed Motion for Sanctions Pursuant to This Court's Inherent Power Under 11 U.S.C. Section 105(a) and Under 28 U.S.C. Section 1927* Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 02/2013 | 🔵 957 | Omnibus Response to *Trustee's Motion For Sanctions* Filed by David & Allison Gordon |

- Untimeliness of Trustee's sanctions motion. The deadline for this sanction motion was Dec. 10, 2012. The Trustee brazenly filed late, on Dec. 11, 2012, without excuse, apology or explanation
- The Trustee's abuse of the sanctions process, seeking sanctions 6 times on the merits in a single case, after not getting it right 5 times previously
- Lack of authority to impose sanctions under this courts inherent authority or 28 USC 1927
- Even if this Bankruptcy Court has authority to proceed under its inherent authority or 28 USC 1927, sanctions are not warranted for the specific items which the Trustee disputes
    - Gordon's original claim does not warrant sanctions
        - The failure of Trustee's attorney to seek MSJ when available since Nov. 10, 2008 precludes sanctions for the alleged frivolous of the Gordon's original claim
            - The Sixth Circuit requires an attempt to dismiss an allegedly frivolous claim at the outset, or sanctions are denied
            - Trustee's attorneys failed to dismissal or SMJ on the original claim despite its early availability
            - Trustee's repeated failures to seek MSJ after the initial failure in Nov. 2008
            - Admissions by Trustee's attorneys that the alleged legal deficiency in Gordon's original claim was obvious from the outset

33

- - Other matters did not prevent Trustee's attorneys from seeking MSJ early on and throughout
    - Gordon's original was not frivolous
      - Ohio law focuses on contract substance, not signature form
      - The text of the agreement allows non-frivolous assertions of company liability to repay the $1 million
      - Other provisions in the agreement which bind individuals do not preclude company liability – the dual capacity signature
      - District Judge Gaugham's extension decision shows the non-frivolous assertion of company liability
      - Neither Judge Gaughan nor the Sixth Circuit suggested nor pursued sanctions
      - Gordon's assertion of a loan on the loan-vs.-equity issue was not frivolous
      - Gertrude Gordon and Attorney Grossman's declarations confirm the good faith basis for prosecuting Gordon's claim
  - Gordon's claims were not pursued with "ever changing' legal theories
  - Attorney Grossman's 2 motions to file amended and new claims do not warrant sanctions
  - The Trustee's list of 20 filings over a 2-year span contains 4 errors, is supported by only a terse conclusory allegation which violates due process, and is not a basis for sanctions
  - Attorney Grossman's motion to file a post-trial brief does not warrant sanctions
  - No authority to impose sanctions for appeals; sanctions are barred on the appeals for other reasons as well
  - Sanctions are not warranted for the recusal motion made over 3 years ago
- The extreme excess and multiplicity of filings by Trustee's attorneys bars sanctions against Attorney Grossman
- Whatever alleged excess filings are attributed to Attorney Grossman (disputed) is eclipsed by the excessive filings caused by the constantly changing directions of the court and of the Trustee's attorneys, both of whom switched back-and-forth between service and merit issues
- The sanctions request is barred by *res judicata* because it seeks to reallocate the fees already adjudicated in this courts fee orders
- The amount of the requested sanctions award is absurd, grossly excessive and unaffordable

| | | |
|---|---|---|
| 01/04/2013 | 958 | Notice of Deposition *of witnesses Marc Merklin, Louise Mazur, etc., to be taken by respondent pro se Dennis Grossman in sanctions proceeding* Filed by Creditor David & Allison Gordon. |

| | | |
|---|---|---|
| 01/07/2013 | 🌐 959 | Emergency Motion to Quash *Motion for Protective Order Regarding Dennis Grossmans Notice to Take Depositions of Counsel for the Trustee and Request to Produce, and (II) Emergency Motion for Protective Order Concerning Interrogatories and Document Requests* Filed by Other Prof. David Wehrle |

| | | |
|---|---|---|
| 01/09/2013 | 🌐 961 | Reply to */ Brief in Reply to Opposition of Attorney Dennis Grossman Pro Se to Trustee's Renewed Motion for Sanctions* Filed by David Wehrle |

| | | |
|---|---|---|
| 1/13/2013 | 🌐 965 | Opposition Response to *New and Improper Matters in Trustee's "Reply" on Trustee's Renewed Motion for Sanctions -- Filed by Alison & David Gordon and by Attorney Dennis Grossman pro se* -- Filed by David & Allison Gordon |

- Trustee's attorneys are using their "reply" to resurrect their prior sanctions motions only a few days before hearing, without mention in their notice of motion, and in violation of due process and this court's order
  - The reason for the improper and belated attempt by Trustee's attorneys to press their prior sanctions motions at hearing is their recognition that their current "renewed" sanctions motion is untimely – the 3-day mail extension does not apply
- The argument by Trustee's attorneys – for the first time in reply concerning their alleged excuses for not seeking SMJ – should be precluded and is meritless anyway
- The Trustee's attorneys misrepresent the record in asserting that Attorney Grossman "has not challenged" the court's inherent authority
- The Trustee's attorneys misrepresent the record in denying the existence of the 3 prior sanctions motions in this court – which when added to the 2 in the appellate courts, total 5 prior sanctions motions concerning the merits
- This court should take heed of the trustee's virtually non-existent defense of the court's authority under 280 U.S.C. 1927 after <u>Stern v. Marshall</u>
- Trustee's attorneys misuse their "reply" to expand their arguments in their underlying motion concerning alleged mischaracterization of the record
- Attorney Grossman relies on his other arguments concerning the remaining matters

| 01/15/2013 | 🔵 966 | Emergency Motion for Withdrawal of Reference *filed by Attorney Dennis Grossman pro se* |
|---|---|---|

- Background: substantial nature of the claim although unsuccessful
- Nature of emergency
- Reasons to withdraw the reference
  - The bankruptcy judge's on-the-record pre-judgment of central issue in the sanctions motion, with personal involvement in cross-accusations of responsibility for delay and expense which is the exact issue being litigated in the sanctions motion
  - Bankruptcy judge's open resentment and hostility over appeals
  - The gravamen of substantive issues in the sanction motion focus on District Judge Gaughan's lengthy decisions which a bankruptcy judge should not be called on to determine are allegedly frivolous
  - Withdrawal of the reference is necessary to prevent judge-shopping on sanctions
  - The sanction motion reflects an improper attempt to have the bankruptcy judge re-decide the sanctions issues which District Judge Gaughan already decided
  - The Bankruptcy Court has no authority to impose sanctions under 28 U.S.C. 1927

| 01/15/2013 | 🔵 967 | Motion to Compromise *By and Among Trustee and Gertrude Gordon*. Filed by Other Prof. David Wehrle |
|---|---|---|

| 01/18/2013 | 🔵 971 | Response to *Trustee's Motion to Compromise With Gertrude Gordon, filed by Attorney Dennis Grossman Pro Se* Filed by David & Allison Gordon (related documents 967 Motion to Compromise) |
|---|---|---|

- The Trustee's motion and proposed order prejudice Attorney Grossman in several ways
  - First, both the Trustee's motion to settle and proposed order contain factual misstatements
  - Second, the Trustee's proposed order also contains other provisions which unduly prejudice Attorney Grossman and which should be revised (ambiguity)
  - Third, the final decretal paragraph 3(e) of the proposed order also needs correction to prevent similar prejudice and abuse (ambiguity)

| 01/23/2013 | 🔵 975 | Brief *Regarding the Application of Rule 3001(e) to Attorney Grossman's Contingent Fee Arrangement* Filed by Other Prof. David Wehrle |
|---|---|---|

| | | |
|---|---|---|
| 01/23/2013 | 🌐 976 | Response to *Court's Sua Sponte Order of Jan. 15, 2013, Filed By Attorney Dennis Grossman Pro Se Showing That Bankruptcy Rule 3001(e) Did Not Require Filing Of Notice Of Attorney Grossman's Contingent Fee Agreement With Claimants Alison Gordon and David Gordon* Filed by David & Allison Gordon |

- I believe this issue is settled and generally agreed as not relevant to the current fact pattern

| | | |
|---|---|---|
| 01/24/2013 | 🌐 977 | Reply to *Response to Trustee's Motion to Compromise With Gertrude Gordon* Filed by David Wehrle |

# Appendix B Re: Gordon's and Atty Grossman Arguments as Referenced in Pleadings

| Argument(s) | Referenced in Pleadings by Docket Number |
|---|---|
| Creditor's Committee Erred | 266,281,320,384,475, 554, 572 |
| Cred. Comm. Counsel to Appear for Deposition | 384, 441, 475, 477, 803, 958 |
| Motion to Amend Claim, File New Claim | 441, 474, 475, 477, 499 |
| Forged Signatures, Concealed Documents | 451,454,474,475,499 |
| Recision/ Unjust Enrichment | 474, 499 |
| Transaction was a loan | 499, 554 |
| Object/Pymt. Fee's & Appointment of Accountant | 518, 691, 770, 770, 787, 851 |
| Bankruptcy Court Erred | 544, 561, 635, 801, 933, 934 |
| Use of Religious Law Expert | 556, 568, 572 |
| Claim #27 | 561, 571, 572, 851 |
| Request to File Post-Trial Memorandum of Law | 561, 571 |
| Motion For Sanctions | 604, 606, 607, 608, 632, 642, 803, 838, 849, 851, 853, 928, 929, 933, 934,937,957,965 |
| Motion to Recuse Judge | 611, 634, 720, 803 |
| Objection to Distribution to Class 5 Claim Holders | 820, 826, 851, 929 |
| Withdraw the Reference | 966 |
| Response to Motion to Compromise w/ G. Gordon | 971 |