**IT IS SO ORDERED.**

**Dated: 02:55 PM December 2 2013**

/s/ Marilyn Shea-Stonum
MARILYN SHEA-STONUM
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-50421, 08-50657, |
| | ) | |
| | ) | 08-50722 |
| Royal Manor Management, Inc., | ) | |
| | ) | (jointly administered) |
| Dani Family Ltd., | ) | |
| | ) | |
| Darlington Nursing & Rehabilitation Center, Ltd., | ) | |
| | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE MARILYN SHEA-STONUM |
| DEBTORS. | ) | |
| | ) | |

SUPPLEMENT TO OPINION RE: SANCTIONS AGAINST DENNIS GROSSMAN, ESQ.

This matter is before the Court on the request of David Wehrle, Liquidation Trustee and Successor in Interest to the Official Committee of Unsecured Creditors (the "Liquidation Trustee") for sanctions against Dennis Grossman, Esq. ("Grossman"). Specifically, on March 28, 2013, the Court issued an Opinion regarding the Liquidation Trustee's renewed request for sanctions against Dennis Grossman, Esq. pursuant to this Court's inherent power under 11 U.S.C. § 105(a) and separately under 28 U.S.C. § 1927 (the "Opinion")[Docket # 999]. In the

Opinion, the Court determined to award the Liquidation Trustee not less than $150,000 as sanctions against Grossman and afforded the Liquidation Trustee five working days from the entry of the Opinion to notify the Court whether he would seek an additional hearing to address fees incurred as a result of the hearing on the renewed motion and the additional pleadings that Grossman filed after the hearing. *Id.* On April 2, 2013, the Liquidation Trustee timely filed a Notice of Request for Hearing [Docket #1001]. In the Notice, the Liquidation Trustee notes that his renewed motion for sanctions documents attorneys' fees only through November 30, 2012. As will be detailed more fully below, many additional legal fees related to this matter were incurred by the Liquidation Trustee after November 30, 2012, and the Liquidation Trustee requests some of those additional fees in the amount of $57,004[1]. The additional fees relate to the following five (5) categories: (1) preparing for and participating in the sanctions hearing; (2) resisting unwarranted discovery attempts by Grossman; (3) obtaining approval of a settlement with Gertrude Gordon over the objection of Grossman, despite his lack of standing; (4) responding to Grossman's motion to dismiss or to give credit against sanctions and (5) opposing Grossman's motion to recuse this Court from ruling on the renewed sanction motion.

JURISDICTION

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) over which this Court has jurisdiction and the authority to enter final judgment. *See* 28 U.S.C. § 157; General Order No. 2012-7, Memorandum of Opinion and Order denying Motion to Withdraw Reference, dated February 8, 2013, Case 5:13 mc 00008-BYP (N.D. Ohio 2013).

---

[1] At the hearing the Liquidation Trustee revised the requested relief. The amount of fees in the Notice is $61,972.50. At the hearing on the Notice of additional sanction, the Liquidation Trustee, through counsel, reduced the amount to $57,004 to remove charges for responding to Grossman's motion to withdraw the reference and charges for getting the compromise with Gertrude Gordon approved that would likely have been incurred even if no objection to the compromise had been filed by Grossman.

In reaching its decision, the Court considered all admitted evidence presented to it including, but not limited to, the testimony of the Liquidation Trustee, Louise Mazur and Grossman.[2]

REMEDY SOUGHT

In the renewed sanctions motion, the Liquidation Trustee sought sanctions pursuant to the Court's inherent power, 11 U.S.C. § 105 and 28 U.S.C. § 1927. On January 15, 2013, this Court conducted an evidentiary hearing with respect to the request for sanctions against Grossman, including a request that Grossman be required to pay into the estate an amount of money equal to the attorneys' fees incurred by the Liquidation Trustee in responding to Grossman's ceaseless and ultimately baseless efforts to have a claim recognized in this chapter 11 case. I found the requested relief appropriate in this instance and determined that such an award would serve the dual purpose of (1) deterring future disregard of the minimum standards required under 28 U.S.C. § 1927 and (2) making up some of the value lost to the holders of legitimate claims in this case.

In the Notice currently pending before the Court, the Liquidation Trustee seeks to supplement the amount of the sanction in light of activity that took place in relation to the hearings on the renewed sanctions motion and responding to additional pleadings filed thereafter.

FINDINGS OF FACT

Counsel for the Liquidation Trustee charge hourly rates that are reasonable and in line with the prevailing market rates charged by attorneys of comparable skill, reputation and experience within the Northern District of Ohio.

---

[2] Grossman submitted his direct testimony by affidavit. *See Docket ## 1026 and 1029*

The actions of Grossman throughout the pendency of this case rise to the level of vexatious conduct designed to delay, multiply and increase the cost of the proceedings in this case. It is not one particular filing or the actions of Grossman in one hearing during the pendency of this case. Instead, it is the pervasive and constant behavior of Grossman over the course of the four plus years since he was admitted pro hac vice to this Court. The conduct of Grossman that is the basis for this Court's issuance of sanctions is detailed in the Court's March 28, 2013 Opinion. The conduct taking place after that date has been consistent with his prior patterns and is detailed herein.

The Liquidation Trustee filed his renewed motion for sanctions against Grossman and Gertrude Gordon on December 11, 2012 [Docket # 953].[3] The hearing on the renewed motion for sanctions was scheduled for January 15, 2013.

Grossman filed a 46 page brief in opposition to the renewed motion for sanctions on January 2, 2013 [Docket #957] and the Liquidation Trustee filed a reply [Docket # 961]. Thereafter, on January 13, 2013, Grossman filed what he styled as an "opposition as a matter of right" in reply to the Liquidation Trustee's reply brief. [Docket #965] This seventeen (17) page document is largely repetitive of the arguments made in Grossman's 46 page brief in opposition. It added nothing of value to the resolution of issues or to the discourse on the issues in this case.

On January 4, 2013, Grossman filed a notice of deposition seeking to depose the Trustee's attorneys, Marc Merklin and Louise Mazur, and two unnamed persons from their law firm. [Docket #958]. The notice included a demand for the production of documents. The documents requested by Grossman consisted mainly of documents subject to the attorney-work product privilege or documents which had been previously sent to him by the Liquidation Trustee's attorneys. In response, the Liquidation Trustee filed an emergency motion to

---

[3] The renewed sanctions motion is a summary and update of the filings from October 21, 2009 through February 10, 2010 relating to the request for sanctions against Grossman and/or Gertrude Gordon, e.g., Docket ## 598, 609, 638, 644. Grossman has argued that the renewed sanctions motion was not filed timely. The renewed sanctions motion was filed within 14 days after the expiration of the stay of the Sixth Circuit's mandate. Therefore, the Court finds that the deadline as set by this Court, not by rule or statute, was met by the Liquidation Trustee. The renewed sanctions motion was filed timely.

quash/motion for protective order (the "Motion to Quash") [Docket #959]. The Court granted the Motion to Quash following a telephonic hearing. [Docket #960].

On the morning of the evidentiary hearing on the request for sanctions, three things took place just prior to or at the commencement of the evidentiary hearing. First, Grossman filed an emergency motion seeking to have the district court withdraw the reference. [Docket #966] Grossman argued that as a result of the motion to withdraw the reference this Court no longer had jurisdiction to hear the request for sanctions. This Court rejected Grossman's argument that the filing of the motion to withdraw the reference divested this Court of jurisdiction to consider the sanctions, and the evidentiary hearing went forward as scheduled on January 15, 2013.

Second, the Liquidation Trustee filed a motion seeking this Court's approval of a settlement with Gertrude Gordon with respect to the request for sanctions against her. The Liquidation Trustee's motion to compromise with Gertrude Gordon made clear that the settlement did not apply to Mr. Grossman. [Docket # 967] Nonetheless, Grossman filed three objections to the proposed compromise. [Docket ## 971, 984, 986]

Third, during his opening statement, Grossman made an oral motion to recuse this Court from hearing the request for sanctions. Transcript of Jan. 15, 2013 hearing, page 26. The Court denied the oral motion to recuse. *Id.* at p. 27, line 24 and p. 28, lines 1- 13.

Following the close of evidence on January 15, 2013, Mr. Grossman's pattern of behavior has not changed. He has continued to make voluminous, repetitive, baseless and unnecessary filings.

For instance, though Grossman clearly lacked standing to challenge the compromise between the Liquidation Trustee and Gertrude Gordon, and the motion to compromise made clear it had nothing to do with Mr. Grossman, he filed an opposition to the Liquidation Trustee's motion to authorize the settlement with Gertrude Gordon. The opposition to the compromise primarily reiterated arguments previously raised in his prior briefs regarding sanctions. In addition, Grossman filed a supplemental response in opposition to the Liquidation Trustee's

Motion to Compromise [Docket # 984]. His supplemental response merely restated arguments contained in his prior filings with the Court. Then, Grossman filed a third response to the motion to compromise [Docket #986]. Again no new arguments were raised by Grossman. The third opposition to the compromise is nothing more than a restatement of prior arguments made in prior filings. On February 13, 2013, the Court held a hearing on the motion to compromise at which Grossman appeared and objected to the compromise. This Court found he lacked standing to object, overruled his objections, and authorized the Liquidation Trustee to settle with Gertrude Gordon. [Docket # 988].

Following the approval of the compromise, Grossman filed a motion seeking the dismissal of the sanctions charges, the recognition of a credit against sanction charges by reason of the Trustee's settlement with Gertrude Gordon, and/or the reconsideration of the Court's order approving the settlement between the Liquidation Trustee and Gertrude Gordon [Docket #991]. In this filing, Grossman repeated his prior arguments and requested that he receive "credit" against any sanctions award. The repetition of prior arguments served no legitimate purpose. Further, the request for a "credit" was premature in that the Court had not yet entered an order imposing sanctions against Grossman. The motion was essentially a request for an advisory opinion. The Court denied this motion based on its previously articulated finding that Grossman lacks standing with respect to the approval of the settlement between the Liquidation Trustee and Gertrude Gordon [Docket #995].

Another example of Mr. Grossman's voluminous, repetitive, baseless and unnecessary filings is the fifth motion to recuse this Court filed by Mr. Grossman on March 15, 2013 [Docket # 994] and the reply brief he filed in support of that motion on March 24, 2013 [Docket # 998]. The Motion and reply brief appear to be based on what Mr. Grossman has characterized as an

impermissible insertion by the Court into the settlement of matters between the Liquidation Trustee and Grossman. The exchange cited to by Grossman was not as he has characterized it to be. Further, it took place on the record during the hearing on the Liquidation Trustee's motion to compromise with Gertrude Gordon long after the close of the record with respect to the Liquidation Trustee's request for sanctions against Grossman. It is not improper for the Court to make a general inquiry regarding settlement. Under the law in the Sixth Circuit, there is nothing about the exchange that would make it the basis for this Court's recusal.

Consistent with his practice of making repetitive and unnecessary filings, Mr. Grossman made his sixth request for recusal on August 26, 2013 [Docket #1040], just one day prior to the hearing on the Liquidation Trustee's notice of additional fees. His sixth request again is based on the Court's general inquiry regarding settlement. Apparently unable to let this sixth motion stand alone, Grossman filed a reply brief in support of his sixth motion to recuse. [Docket #1042]

For the same reasons the fifth motion was denied, the sixth motion is not well taken. This sixth motion appears to have no legitimate basis. It is further evidence of Grossman's needless multiplication of filings and issues in this case. Furthermore, it increases the costs of this case because each time Grossman files such a motion, notwithstanding the repetitive nature of the relief sought by Grossman, the Liquidation Trustee, in order to meet his fiduciary obligation to holders of claims in this case, has filed a response.

In addition, prior to the hearing on Liquidation Trustee's notice of additional fees, Grossman filed a motion to strike the Liquidation Trustee's proposed findings of fact and conclusions of law. [Docket 1035] and a reply brief in support of the motion [Docket # 1037]. This motion to strike has no basis in law or fact. It appears to this Court to be merely reflective

of Grossman's inability to let pass any opportunity to reiterate and restate arguments that have already been fully briefed.

Based on the evidence presented at the January 15, 2013 hearing the Court found that Grossman's conduct over the past four plus years and continuing to the present has been repetitive and vexatious. [Opinion, Docket 999, FF #10]. The Court found that Grossman acted in a fashion that he knew would delay distribution to legitimate claim holders in this bankruptcy case. [Opinion, Docket 999, FF #12]. As the Court previously noted, Grossman clearly understood that his effort to convert the Gordons' claim against their aunt and uncle into a claim against the bankruptcy estate was delaying the distribution of approximately $750,000 to holders of allowed claims, while also causing the erosion of funds available for distribution due to the fees that the Liquidation Trust was incurring when the his counsel responded to Grossman's voluminous and duplicative filings. [Opinion, Docket 999]. The Court found Grossman's arguments were not compelling, were made repeatedly and with no legitimate purpose.

Based on the evidence presented at the August 27, 2013 hearing, I find that Grossman's pattern of practice continues to be the same. He has continued to file pleadings that lack any merit. His conduct has required multiple hearings in this case and increased the costs to the Liquidation Trustee. Without sanctions, his conduct would significantly diminish the distribution available to legitimate claimants in this case.[4]

---

[4] In addition to the filings detailed above, there were others related to appeals taken by Mr. Grossman of Orders issued by this Court. Though those pleadings, consistent with the pattern of behavior in this case, contain largely frivolous and repetitive arguments designed to multiply and delay the ultimate resolution of this case. Because of unsettled issues regarding the authority of bankruptcy courts to sanction an attorney for his conduct in another court, the Trustee has not sought to include attorneys' fees incurred in responding to those appeals in this Request. I do note that, should an appeal be taken of this opinion, the appellate panel would be able to consider whether to impose its own sanctions, including award of fees incurred by the Trustee at the appellate level.

CONCLUSIONS OF LAW

Sanctions may be levied, in a court's discretion, against lawyers who vexatiously multiply proceedings, act in bad faith, or engage in behavior designed to delay or disrupt pending litigation. 28 U.S.C. § 1927. The purpose of § 1927 sanctions is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir.2006). Section 1927 provides, in pertinent part, that any attorney "who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and *attorney's fees* reasonably incurred because of such conduct." 28 U.S.C. § 1927 [emphasis added].

It is appropriate to award the costs, expenses and attorneys' fees attributable to the actions of the miscreant attorney. *See Campana v. Muir*, 615 F.Supp 871 (M.D. Pa. 1985) affd 786 F2d 188 (3rd Cir. PA 1986) ("Once counsel is or should be aware of the impropriety of his or her conduct, the costs, expenses and attorneys' fees for any subsequent proceedings may be considered to be excess expenses counsel may be required to personally pay them.") In determining the appropriate amount of the sanctions, the Court is required to make an effort to isolate those costs and fees incurred by reason of the conduct that violated § 1927. Precision, however, is not required. *Lee v. First Lenders Ins. Services, Inc.*, 236 F.3d 443, 446 (8th Cir. 2001).

In addition to § 1927, this Court has the inherent authority to sanction the attorneys who practice here. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996). Section 105(a) provides,

> The Court may issue any order, proves, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Mr. Grossman has opposed the entry of additional sanctions against him under either this Court's inherent authority or 28 U.S.C. § 1927. He makes several arguments, none of which are well taken.

Grossman argues the additional sanctions should be denied given the pendency of his appeals of this Court's Opinion. The Court will not discuss this argument further as the Bankruptcy Appellate Panel for the Sixth Circuit dismissed Grossman's appeal finding he had appealed from an interlocutory order and declining to grant leave to take an appeal of such an interlocutory order. Therefore, no appeal of the Court's Opinion is pending.

The second argument made by Grossman is a reiteration of his requests for recusal. For the same reasons the Court has denied the six prior motions to recuse made in this case, the Court finds the second argument made by Grossman in response to the request for additional sanctions lacks merit.

The third argument made by Grossman is an objection to the lack of evidence of the reasonable and necessary nature of the fees which the Trustee lists in his notice. Specifically, Grossman refers to *Auto Alliance Int. Inc. v. U.S. Customs Service*, 155 Fed. Appx. 226, 229 (6th Cir. 2005) for the proposition "without an affidavit or similar sworn statement verifying these matters, there is no basis for proceeding with the trustee's request for additional sanctions." In fact, *Auto Alliance* does not stand for such a sweeping proposition. The Sixth Circuit, in its unpublished decision, wrote,

> We need not address the merits of the issue because Auto Alliance **failed to submit any evidence or argument** that might support an allowance of these costs. Auto Alliance requested $2,201.61 for computer research in the declaration of attorney Bruce J. Casino. But Mr. Casino's affidavit is silent concerning how this amount was calculated and the precise basis of the charge (e.g., whether it was prorated based on a flat fee, or whether any charges were incurred for specific research on the case). **The record is silent** about how the charges were reasonably related to the issues raised in the FOIA litigation. Nor did Auto Alliance submit any evidence about general industry practice in the Eastern District of Michigan concerning billing of computerized research charges. We therefore affirm the district court's denial of these costs as well within the proper exercise of the district court's discretion.

*Id.*(emphasis added).

In this case, the Liquidation Trustee has met the burden of establishing with admissible evidence and argument that the amounts incurred are reasonably related to responding to Grossman's sanctionable conduct, how the amounts were calculated and the basis for the charge. The Trustee submitted a detailed fee statement from his counsel which sets forth a description of the work done by counsel and the amount of time and hourly charge for the work. In addition, the Court found the testimony of the Liquidation Trustee and Louise Mazur to be credible with respect to the fees of counsel to the Liquidation Trustee. The Liquidation Trustee's counsel's charges are consistent with the reasonable and customary hourly charges by attorneys in this geographic location. The detailed explanations and the testimony during the evidentiary hearing establish that the charges are reasonably related to/caused by responding to Grossman's sanctionable conduct. The Liquidation Trustee has met his burden.

Although the Liquidation Trustee met this burden, it was likely one not entirely applicable to the facts of this case. *Auto Alliance* is inapplicable to the facts of this case. Auto Alliance deals with a request for fees and costs by the prevailing party in FOIA litigation. The circumstances in this case are not akin to a successful litigant seeking to recover the cost of having pursued litigation. The matter before the Court is the measure of sanctions to be awarded against Grossman for his conduct throughout the pendency of his involvement in this case. The Sixth Circuit has held that when an attorney's unreasonable and vexatious conduct begins at the outset of his/her representation and persists through the pendency of the case, the attorney is properly liable under § 1927 to pay attorney fees that began to accrue at the commencement of the case. *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997); accord *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645-46 (6th Cir. 2009). In this case, one appropriate measure of the sanctions to be imposed upon Grossman under § 1927 consists of the attorney fees incurred by the Liquidation Trustee from the point in time when Grossman's conduct became frivolous, unreasonable and/or vexatious. As the Court noted in its Opinion, Grossman's conduct became unreasonable very early on in the course of the litigation over the claim asserted by Gertrude Gordon on behalf of David and Alison Gordon. The fees incurred by the Liquidation Trustee in the course of having to respond to the vexatious and unreasonable filings of Grossman leading up to and even after the Court conducted the January 15, 2013 hearing on sanctions are properly included as a part of the appropriate sanctions in this case.

Citing *Gonter v Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007) and *Auto Alliance*, Grossman also argues that a fee award is limited to a certain percentage of the lodestar calculation of reasonable and necessary fees.  However, for the reasons set forth above, this argument mischaracterizes the nature of the proceedings before the Court.  The Liquidation Trustee is seeking an award of an appropriate amount of sanctions for Grossman's conduct; he is not seeking to recover fees for preparing a fee application or request for fees based on the outcome of substantive litigation.  Furthermore, the general rule relied upon by Grossman regarding the limitation of awarding fees for preparing and litigating an attorney fee case is just that – a general rule, which applies only in the absence of unusual circumstances.  *Coulter*, at 805 F.2d 146, 151 (6th Cir. 1986), *see also Gonter v. Hunt Valve Co.,* 510 F.3d at 620.  Even assuming that the holding in *Coulter* is applicable to this case, the facts of this case warrant departure from the general rule to allow the appropriate amount of sanctions to be meted out. Finally, the amount of fees incurred by the Liquidation Trust has a direct impact on the sum available for distribution to creditors in this case.  It would be inequitable to deny those creditors the ability to recover the fees incurred by the Liquidation Trustee as the result of the repetitive, frivolous, and vexatious conduct of Grossman.

Grossman also suggests that he is unaware of what specific conduct on his part has been problematic in this case.  The Court finds that Grossman has been given significant notice of the specific conduct which is the basis for the sanctions.  Grossman has been repeatedly notified by the Court and by Liquidation Trustee's counsel that his pleading and arguments were unreasonable and repetitive and that he might be sanctioned for his conduct.

Grossman argues the Opinion awarding sanctions is meritless should be reversed and so it would be improper to award fees for the Trustee's litigation of the matter.  He also realleges that he is entitled to an offset or credit based on the settlement with Gertrude Gordon.  He also argues that 28 U.S.C. § 1927 does not provide for an award of fees for litigating a sanctions request.  The Court having dealt with all of this arguments previously will not reiterate its findings again, but rather, incorporates herein the findings and conclusions in its Opinion.

Finally, Grossman also asserts arguments under Local Rule 7026-1 alleging the Liquidation Trustee's request for sanctions is a discovery dispute that is untimely. The Court is not persuaded by Grossman's argument.

CONCLUSION

None of the arguments made by Grossman are well taken. For the reasons set forth in the Opinion and in this Supplemental Opinion, the Court concludes that monetary sanctions against Grossman are appropriate based on the facts and circumstances of this case.

Therefore, the Court awards sanctions against Grossman in the total amount of $150,000 plus $57,004, plus post-judgment interest at the statutory rate.

###